Filed 12/30/15

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C078609 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F04059) |
| v. | |
| PHARAOH HAYWOOD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Marjorie Koller, Judge. Affirmed.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

In January 2015, defendant Pharaoh Haywood filed a petition in propria persona pursuant to Penal Code section 1170.18[1] (enacted as part of a Nov. 2014 initiative

---

[1] Undesignated statutory references are to the Penal Code.

measure) to redesignate his 1996 felony conviction for unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)) as a misdemeanor.[2] He waived personal appearance if the matter was not contested. The trial court, acting ex parte, appointed a public defender. It then summarily denied the petition in a minute order "due to ineligibility based due to: [c]urrent [*sic*] conviction(s)."[3] Defendant appealed. (Cf. *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597 [§ 1170.126 eligibility is appealable].)

Defendant argues that even if unlawful taking/driving of a vehicle is not expressly included among the offenses "in accordance with" which he can be resentenced to a

---

[2] The record does not contain any other information about the prior conviction other than its superior court case number (95F04059). We take judicial notice of our records sua sponte, which include separate appeals from two codefendants under that case number. (Evid. Code, § 452, subd. (d).) Those opinions indicate defendant was part of a quartet involved in the murder and attempted murder of two men, the kidnapping of the surviving victim, and the taking of the car of another victim. Defendant apparently was convicted of kidnapping the surviving victim and unlawful taking/driving. (*People v. Gordon* (Dec. 23, 1998, C025388) [nonpub.opn.] slip opn. at pp. 1-3 & fn. 2; *People v. Ceasar* (Oct. 14, 1997, C025156) [nonpub.opn.] slip opn. at pp. 2-3 & fn. 2.) A fourth codefendant apparently was acquitted on all counts. (*People v. Gordon* (Mar. 23, 2000, C033460) [nonpub.opn.] slip opn. at p. 5 [appeal on resentencing].) We do not have any record of defendant appealing this judgment, so we do not have any reliable basis for determining the facts underlying his own convictions. We take judicial notice sua sponte of the records of the superior court under this case number, which show that defendant received a four-year state prison sentence. (Evid. Code, § 452, subd. (d).) Even though defendant has completed his sentence, section 1170.18, subdivision (f) permits him to seek redesignation of the felony conviction. The "cross-reference" number on defendant's petition (2798516) also generates a 2012 case number (12F00833) from the superior court records, in which a jury apparently found him guilty of multiple offenses (including unlawful possession of a gun and reckless firing of a gun), with the court imposing an 11-year state prison sentence. The redesignation petition indicates defendant was in state prison when he filed it.

[3] It is unclear whether the trial court was taking judicial notice of defendant's 2012 convictions. Defendant and the People seem to assume the reference is actually to the nature of his *prior* conviction. As the 2012 convictions do not appear to render him ineligible for resentencing (§ 1170.18, subd. (i)), we will make the same assumption.

misdemeanor (§ 1170.18, subd. (a)), it can constitute a "theft conviction" (*People v. Garza* (2005) 35 Cal.4th 866, 881 [when committed as theft conviction, § 654 precludes court from imposing punishment for offense in addition to punishment for a conviction under § 496, subd. (a)]), and thus we must construe section 1170.18 as including it because of the purpose of the initiative enacting it. Defendant contends the trial court erred as a result in summarily denying his petition. We reject this effort to have us engage in judicial legislation. This court therefore will affirm the order denying the redesignation petition.

We do not have any facts to add to the introduction. We therefore proceed to our analysis.

## DISCUSSION

The initiative enacting section 1170.18 prospectively reduced three specific drug possession offenses to misdemeanors (Health & Saf. Code, §§ 11350, 11357, 11377), as well as forging or writing bad checks (Pen. Code, §§ 473, 476a), receiving stolen property (§ 496), and petty theft. It accomplished the latter by adding section 490.2, which now defines petty theft as involving "money, labor, real[ty,] or personal property" with a value less than $950 "[n]otwithstanding Section 487" (which had specifically defined grand theft on the basis of value or type of property) "or any *other* provision of law *defining grand theft*" (§ 490.2, subd. (a), italics added). It additionally amended section 666 (also called "petty theft with a prior") to preclude misdemeanor sentencing for recidivists who are otherwise disqualified from the reach of the initiative. Finally, it added a new misdemeanor of "shoplifting." (§ 459.5; see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Official Title and Summary, p. 34 (2014 Voter Guide); see also 2014 Voter Guide, text of Prop. 47, §§ 5-13, pp. 71-73.) In section 1170.18, the initiative provided a means of relief retrospectively (for defendants who either are serving a sentence or have completed a sentence for a prior conviction) in the form of a petition for

3

resentencing *if* the prior conviction would have been a misdemeanor "had this [initiative] been in effect at the time of the offense." (§ 1170.18, subd. a).)[4]

Faced with the obstacle that Vehicle Code section 10851 is not among the offenses specified in Penal Code section 1170.18 "in accordance with" which a defendant may request resentencing as a misdemeanor (§ 1170.18, subd. (a)), defendant invites us to look at the text and ballot arguments in support of the initiative enacting it. The broad purposes of the initiative were "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and [to] support programs in K-12 schools, victim services, and mental health and drug treatment." (2014 Voter Guide, *supra*, text of Prop. 47, § 2, p. 70.) Defendant also points out that the initiative provided for liberal construction of its provisions. (*Id*., § 18, p. 74.) Finally, defendant invokes the much distinguished principle of the rule of lenity.

Initiatives are construed in the same manner as statutes. (*People v. McRoberts* (2009) 178 Cal.App.4th 1249, 1255.) We first look to the actual words of an enactment, and *then* other indicia of intent. Where the language of the enactment is clear, we do not resort to other indicia of legislative intent (absent a reasonably framed claim of

---

**4** As Vehicle Code section 10851 allowed and *continues to allow* for sentencing either as a misdemeanor *or a felony*, a conviction for unlawful taking/driving does not come within the plain language of this criterion. (Veh. Code, § 10851, subd. (a).) This would seem to undermine the premise of defendant's appeal because it would accordingly be illogical to construe section 1170.18 as including a statute under which a defendant would not be entitled to relief. (*People v. Page* (2015) 241 Cal.App.4th 714, 718 (*Page*), petn. for review pending, petn. filed Nov. 24, 2015, S230793; cf. *People v. Garness* (2015) 241 Cal.App.4th 1370, 1373 (*Garness*), petn. for review pending, petn. filed Dec. 10, 2015, S231031 [§ 496d].) However, we will proceed to address defendant's issues rather than follow the road not taken by the parties. (As with all cases we cite that are still facing potential review in the Supreme Court, we embrace their reasoning without relying on them as authority.)

ambiguity, or of an absurd result warranting disregard of the plain language), because we do not have anything further to construe. (*People v. Meyer* (2010) 186 Cal.App.4th 1279, 1283; *Rehman v. Department of Motor Vehicles* (2009) 178 Cal.App.4th 581, 584, 586.)

As we have recently explained, in the face of unambiguous statutory language we cannot rely on an inchoate legislative purpose as a basis for departing from the text. (*County of Sonoma v. Cohen* (2015) 235 Cal.App.4th 42, 48.) This is true *even* where legislation calls for "liberal construction." (E.g., *Foster v. Workers' Comp. Appeals Bd.* (2008) 161 Cal.App.4th 1505, 1510 [workers' compensation law].)[5] The essence of lawmaking is the choice of deciding to what extent a particular objective outweighs any competing values, and a court in the guise of interpretation should not upset this balance where it is spelled out in the text of a statute. (*Sonoma*, *supra*, 235 Cal.App.4th at p. 48.)

The plain language of section 1170.18 identified only a few provisions of the Health and Safety Code and the Penal Code as offenses to designate as misdemeanors from among crimes that could be considered analogous. This careful parsing of related items invokes one of those Latin phrases that courts love to brandish—"*expressio unius est exclusio alterius*," under which the inclusion of only certain items in an associated group gives rise to a strong inference of a deliberate legislative choice to exclude any items not mentioned, absent a compelling indication of legislative intent to the contrary. (*Strang v. Cabrol* (1984) 37 Cal.3d 720, 725; *The Formula, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1455, 1462-1463 [finding contrary legislative intent]; see 2A Singer & Singer, Sutherland Statutes and Statutory Construction (7th ed. 2014) § 47:23, pp. 406-

---

**5** A recent case, not yet final, thus agrees that liberal construction is not a basis to include attempted vehicular burglary (§ 664/459), an offense section 1170.18 unambiguously omits. (*People v. Acosta* (2015) 242 Cal.App.4th 521, 526 (*Acosta*).)

413, 423-424 (*Sutherland*).)[6] Defendant does not suggest there is anything ambiguous about which offenses are included, nor does he posit anything absurd about excluding Vehicle Code section 10851—given the outrage the offense generally provokes (because owners typically are dependent on their vehicles, unlike other forms of property (*People v. Peacock* (2015) 242 Cal.App.4th 708, 713, petn. for review pending, petn. filed Dec. 28, 2015, S230948) and its ubiquitousness, it is plausible that the drafters of the initiative did not consider it to be as palatable to the electorate for reduced punishment as the designated offenses.[7]

Section 1170.18 does not qualify its enumeration of the statutes with any general language of inclusion (e.g., "such as" or "including"), nor can we discern any logical reason for mentioning only these statutes if there was the intent to include others. (2A Sutherland, *supra*, § 47:25, pp. 444-445.) Defendant does not identify any evidence of contrary intent under which the drafters nonetheless intended the designated statutes to be merely illustrative. The Attorney General's summary of the initiative states that it "[r]equires misdemeanor sentence[s] instead of felony for the following crimes when amount involved is $950 or less: petty theft, receiving stolen property, and forging[ or] writing bad checks," with nary a word about unlawful taking/driving of a vehicle. (2014 Voter Guide, Official Title and Summary, *supra*, p. 34.) Vehicle Code section 10851 also does not appear anywhere in the analysis of the Legislative Analyst when it lists the

---

[6] The case of *Garness*, *supra*, 241 Cal.App.4th 1370 is in accord. Given that there are a multitude of overlapping analogous offenses, it observed that one would have expected the proponents to include language that a mere similarity in conduct is not sufficient of itself to bring an offense within section 1170.18's ambit unless it is included explicitly (or by operation of an included statute). (*Garness*, at pp. 1374-1375.)

[7] Moreover, as *Acosta* noted, it is rational to exclude crimes that involve the theft of vehicles from misdemeanor treatment because there would be only an insignificant number of convictions, given the value of vehicles presently. (*Acosta*, *supra*, 242 Cal.App.4th at p. 528.)

offenses for which sentences would be prospectively reduced (2014 Voter Guide, *supra*, analysis of Prop. 47 by the Legis. Analyst, pp. 35-36), nor in the supporting and opposing arguments (*id*., pp. 38-39); the only vehicle-related reference appears in the opposition, which cites a reduction in punishment for *carjacking* as a basis to vote no (*id*., argument against Prop. 47, p. 39). Therefore, the legislative history is devoid of a desire to include additional offenses, and it would be a fraud upon the electorate for a court to extend the reach of the initiative beyond what was expressly represented at the time.[8]

Defendant also relies on section 490.2. It is true the operation of section 490.2 brings a host of unspecified statutes *defining grand theft* within its ambit prospectively (and thus retrospectively for purposes of § 1170.18).[9] (§ 490.2, subd. (a).) However, Vehicle Code section 10851 does not appear explicitly in section 490.2 (as does § 487), nor does the text of Vehicle Code section 10851 purport to *define* the taking of a vehicle as grand theft within the catchall language of section 490.2; rather, it simply proscribes actions, *whether or not* there was an intent to steal (Veh. Code, § 10851, subd (a)).[10]

---

[8] In accord with these propositions are *Page*, *supra*, 241 Cal.App.4th at page 720 and *Garness*, *supra*, 241 Cal.App.4th at page 1375.

[9] Similarly, section 459.5 brings section 459 within its ambit. If facts underlying a previous conviction for felony second degree commercial burglary under section 459 involve the entry of a commercial establishment with the intent to steal during ordinary business hours, defendants are now entitled to petition for resentencing as misdemeanor shoplifting if the value of the property is under $950 because they would be guilty only of a misdemeanor after section 459.5's enactment. (*In re J.L.* (Dec. 4, 2015, B261634) ___ Cal.App.4th ___, ___ [2015 Cal.App. Lexis 1086 at pp. *3-*5, Background, pt. B.]; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*); *People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)

[10] In accord with this conclusion is *Page*, *supra*, 241 Cal.App.4th at page 719. *Acosta*, *supra*, 242 Cal.App.4th at page 526 also agrees that section 490.2 does not apply to a statute (attempted vehicular burglary) that does not *necessarily* involve theft. The same division that decided *Page* has very recently come to the opposite conclusion, finding that by operation of section 490.2, a defendant is entitled to relief for unlawful taking/driving if a petition establishes that the value of the vehicle is less than $950. It is not persuasive,

7

Unlawful taking/driving thus cannot be swept into the ambit of section 1170.18 by this route.

Equally attenuated is defendant's attempted reliance on the initiative's amendment of section 666. This provision now prescribes "wobbler" (rather than misdemeanor) status for various types of recidivist thieves who have prior convictions of the same type that disqualify them from resentencing under section 1170.18, subdivision (i). Amended section 666 continues to include "auto theft under Section 10851 of the Vehicle Code" in its list of types of thefts to which it applies. (§ 666, subd. (a).) However, this treatment of unlawful taking/driving for the purpose of *imposing harsher punishment* for certain recidivists does not evince any legislative intent to include it for the entirely unrelated ameliorative purpose of a petition for resentencing as a misdemeanor. Section 666 simply does not function in the same fashion as sections 459.5 or 490.2, because it does not act to reduce any offense to a misdemeanor after the initiative's effective date.

As for defendant's invocation of the rule of lenity, the principle is inapplicable in the present circumstances. It is limited to situations in which intrinsic or extrinsic indicia

---

because it ignores the language in section 490.2 that limits its operation to statutes defining grand theft, which Vehicle Code section 10851 does not. (*People v. Gomez* (Dec. 23, 2015, E062867) ___ Cal.App.4th ___ [2015 Cal.App. Lexis 1152] (*Gomez*).)

Unlawful taking/driving thus contrasts with section 484e, which *does* explicitly define various unlawful uses of access cards and account information as grand or petty theft. This has led to a split in authority as to whether section 490.2 applies to section 484e. (Compare *People v. King* (Dec. 10, 2015, B261784) ___ Cal.App.4th ___ [2015 Cal.App. Lexis 1100], *People v. Grayson* (2015) 241 Cal.App.4th 454 [Cal. Supreme Ct. order filed Dec. 9, 2015, that time for review is extended to Feb. 16, 2016] and *People v. Cuen* (2015) 241 Cal.App.4th 1227, petn. for review pending, petn. filed Dec. 10, 2015, S231107 [offering different reasons why § 490.2 does not apply to § 484e] with *People v. Romanowski* (2015) 242 Cal.App.4th 151, petn. for review pending, petn. filed Dec. 22, 2015, S231405 [§ 490.2 applies to statutes like § 484e that categorize grand theft by type of property without regard to value].)

of legislative intent stand in equipoise.  (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1315 (*Elder*).)  We do not have *any* indicia in defendant's favor.

Unlawful taking/driving is thus not a qualifying offense under *any* circumstance.[11]  As a result, defendant's final claim that due process compelled the trial court to solicit briefing as to whether the facts underlying his offense qualified him for resentencing falls with its premise.  (Cf. *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7-8 [petn. under § 1170.126; due process requires only " 'input' " in form of briefing on question of eligibility *if* the issue involves facts not adjudicated at time of prior conviction; no right to hearing]; *Rivas-Colon*, *supra*, 241 Cal.App.4th at p. 452, fn. 4 [should interpret § 1170.18 similarly to § 1170.126].)[12]  Similarly, because unlawful taking/driving is ineligible for relief under section 1170.18, we also reject defendant's request to affirm the order without prejudice to his filing a new petition.

An order denying relief to an ineligible petitioner cannot affect any substantial rights of the petitioner, and in theory we should dismiss the appeal.  (See *Elder*, *supra*, 227 Cal.App.4th at pp. 1318-1320 (conc. & dis. opn. of Butz, J.).)  However, this court will take the course of affirming the order.

---

[11]  In light of this conclusion, we do not need to explore an alternate basis for denying the petition:  defendant's failure to satisfy his burden of proof that his unlawful taking/driving conviction involved a vehicle valued at less than $950.  (*Gomez*, *supra*, ___ Cal.App.4th ___ [2015 Cal.App. Lexis 1152]; *Page*, *supra*, 241 Cal.App.4th at p. 719, fn. 2; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450 (*Rivas-Colon*), petn. for review pending, petn. filed Nov. 17, 2015, S230601; *Sherow*, *supra*, 239 Cal.App.4th at p. 880.)

[12]  We disregard a final nascent argument invoking equal protection that is raised for the first time in defendant's reply brief.  (*Sourcecorp, Inc. v. Shill* (2012) 206 Cal.App.4th 1054, 1061, fn. 7.)

## DISPOSITION

The order is affirmed.  (***CERTIFIED FOR PUBLICATION***)


       BUTZ       , J.


We concur:



    NICHOLSON   , Acting P. J.



    MAURO     , J.

10