Filed 2/29/16  P. v. Mendoza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042293 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. EE014970) |
| v. | |
| MANUEL ANTONIO MENDOZA, | |
| Defendant and Appellant. | |

On November 4, 2014, the electorate passed Proposition 47, the Safe Neighborhoods and Schools Act.  (Prop. 47, § 1, approved by voters, Gen Elec. (Nov. 4, 2014), eff. Nov. 5, 2014).  Proposition 47 reclassified certain offenses as misdemeanors. Under Penal Code section 1170.18,[1] a section added by Proposition 47, eligible persons currently serving felony sentences may petition the court for recall of sentence and be resentenced in accordance with the newly enacted law unless the court finds "an unreasonable risk of danger to public safety."  (§ 1170.18, subds. (a)-(c).)

Manuel Antonio Mendoza (appellant) was convicted of several offenses in 2001, including a felony violation of Vehicle Code section 10851, subdivision (a).[2]  Under that

---

[1] All further references are to the Penal Code unless otherwise stated.

[2] Appellant was convicted of violating section 215 (carjacking), Vehicle Code section 10851, subdivision (a), (unlawful driving or taking of a vehicle), and sections 242-243 subdivision (a), (battery), and he was sentenced to a total term of 23 years.  The four-year prison term imposed for the violation of Vehicle Code section 10851 was stayed pursuant to section 654.  According to appellant's petition, his release date is May 9, 2022.

section, "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle" is guilty of a crime. (See Veh. Code, § 670 [broadly defining "vehicle"].)

On March 26, 2015, appellant filed a petition for resentencing, which the trial court denied. Appellant now argues that the trial court erred when it denied the petition because his conviction under Vehicle Code section 10851 was eligible for resentencing under the Proposition 47's reforms. He directs our attention to section 490.2, which now generally makes theft of property that is valued at $950 or less a petty theft and punishable as a misdemeanor. He also points to section 666, which currently makes only a limited category of petty thefts with priors punishable as either a misdemeanor or felony. (§ 666, subds. (a), (b); see *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1330; § 490 [punishment for petty theft].) Appellant further asserts that, if Proposition 47's ameliorative resentencing provisions do not apply to Vehicle Code section 10851, he was denied equal protection of the law under the United States Constitution (U.S. Const., 14th Amend.) and the California Constitution (Cal. Const., art. I, § 7, subd. (a)). He asks this court to reverse the trial court's order denying his petition and to remand the matter for further proceedings to determine the value of the car and to consider whether there is evidence of his current dangerousness.

We conclude that appellant's petition for resentencing was properly denied. Even assuming arguendo that a person convicted under Vehicle Code section 10851 is eligible to petition for a recall of sentence upon a showing that the circumstances underlying the conviction constituted theft of a vehicle valued at $950 or less (§§ 490.2, 1170.18), appellant failed to make a threshold prima facie showing of such eligibility in his petition and supporting declaration. Neither has he shown that he is similarly situated to a person

2

that is eligible for resentencing under section 1170.18.  Therefore, we affirm the order denying his petition for resentencing.

# I

## *Procedural History*

In denying appellant's petition for resentencing, the trial court stated in its order that appellant was "not eligible for the requested relief because only certain theft and simple drug possession charges are affected by the resentencing provisions of Penal Code § 1170.18(a)-(b)."  The order explained:  "To be eligible, a conviction must be one that would have been a misdemeanor if the newly added or amended sections 11350, 11357 and 11377 of the Health & Safety Code and sections 459.5, 473, 476a, 490.2, 496, and 666 of the Penal Code had been in effect at the time the offense was committed.  (See Penal Code § 1170.18(a).  None of those sections authorize misdemeanor treatment of the convictions in this case."

# II

## *Analysis*

Proposition 47 begins with a statement of purpose and intent.  (Prop. 47, § 3.)  It states in part:  "In enacting this act, it is the purpose and intent of the people of the State of California to:  . . . [¶]  (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors."  Proposition 47 did not amend Vehicle Code section 10851 to make a violation of that section a straight misdemeanor.[3]

"Section 1170.18 creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47,

---

[3] As written, Vehicle Code section 10851 is a so-called "wobbler" offense (Veh. Code, § 10851, subd. (a), which means it is "chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor."  (*People v. Park* (2013) 56 Cal.4th 782, 789; see § 17, subd. (b).)

may petition for resentencing."  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).)  Section 1170.18, subdivision (a), provides:  "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act."

Upon receiving such a petition, the trial court must "determine whether the petitioner satisfies the criteria in subdivision (a)" of section 1170.18.  (§ 1170.18, subd. (b).)  If the criteria is satisfied, the court must recall the petitioner's felony sentence and resentence the petitioner "to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act, *unless* the court, in its discretion, determines that resentencing the petitioner would *pose an unreasonable risk of danger to public safety*."  (*Ibid.*, italics added.)

Subdivision (a) of section 490.2 was also added by Proposition 47 (Prop. 47, § 8).  It generally states (with an exception not here recited):  "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken *does not exceed nine hundred fifty dollars* ($*950*) shall be considered petty theft and shall be punished as a misdemeanor . . . ."  (Italics added.)

Appellant asserts that "[t]he plain and commonsense meaning of section 1170.18 shows the voters intended Vehicle Code section 10851 to come under Proposition 47's provisions."  He argues that section 490.2 characterizes all thefts of property with a value up to $950 as petty thefts and that its language encompasses a violation of Vehicle Code

4

section 10851 where the vehicle's value does not exceed $950. He also maintains that a contrary interpretation would "yield absurd results."

The People contend that Proposition 47's plain language does not include Vehicle Code section 10851 and that there is no evidence that the voters intended a conviction under that section to be eligible for resentencing. The People also point out that appellant's petition did not show that the value of the vehicle taken or driven was $950 or less.

Under the Penal Code, "[t]heft is divided into two degrees, the first of which is termed grand theft; the second, petty theft." (§ 486.) Section 484 generally defines "theft."[4] "For property to be 'stolen' or obtained by 'theft,' it must be taken with a specific intent. 'California courts have long held that theft by larceny requires the intent to *permanently* deprive the owner of possession of the property. (*People v. Avery* (2002) 27 Cal.4th 49, 54 (*Avery*).) An intent to *temporarily* deprive the owner of possession may suffice when the defendant intends 'to take the property for so extended a period as to deprive the owner of a major portion of its value or enjoyment . . . .' (*Id.* at p. 55.)" *People v. MacArthur* (2006) 142 Cal.App.4th 275, 280; see *Avery*, *supra*, at p. 58.)

Vehicle Code section 10851 does not characterize a violation of its provisions as a theft, petty theft, or grand theft (cf. e.g., § 487 ["Grand theft is theft committed in any of the following cases"]). While the shorthand reference of "auto theft" is sometimes used to refer to a violation of Vehicle Code section 10851, a conviction under that section does *not* require proof of "intent to steal the vehicle." (Veh. Code, § 10851, subd. (a).) The

---

[4] Section 484, subdivision (a), states in part: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft."

specific intent to temporarily deprive the owner for any period of time, even a brief or reasonable period of time, suffices for the intent under that section. (See Veh. Code, § 10851, subd. (a); CALCRIM No. 1820 [defendant "intended to deprive the owner of possession or ownership of the vehicle for any period of time"].) If section 490.2 does encompass a conviction under Vehicle Code section 10851 where the circumstances underlying the conviction come within its purview, a petitioner under section 1170.18 presumably would be required to show that the crime of which he was convicted involved the taking or driving of a vehicle that was valued at no more than $950 with the specific intent to permanently deprive the owner of the vehicle or to temporarily deprive the owner of the vehicle "for an unreasonable time so as to deprive the person of a major portion of its value or enjoyment." (*Avery*, *supra*, 27 Cal.4th at p. 58.)

Currently, there is a split of authority, not yet resolved by the California Supreme Court, regarding whether Proposition 47's ameliorative resentencing provisions apply to a conviction under Vehicle Code section 10851.[5] In *People v. Haywood* (2015) 243 Cal.App.4th 515, the Court of Appeal, Third District, determined that a conviction under Vehicle Code section 10851 was ineligible for relief under section 1170.18 because

---

[5] The Supreme Court granted review in *People v. Page*, review granted January 27, 2016 (S230793), in which the Court of Appeal, Fourth District, Division Two, affirmed an order denying a petition to recall a sentence. The Supreme Court has indicated that this case presents the following issue: "Does Proposition 47 ('the Safe Neighborhoods and Schools Act') apply to the offense of unlawful taking or driving a vehicle (Veh. Code, § 10851), because it is a lesser included offense of Penal Code section 487, subdivision (d), and that offense is eligible for resentencing to a misdemeanor under Penal Code sections 490.2 and 1170.18?" (<http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2126539&doc_no=S230793> [as of February 29, 2016].)

nothing in sections 1170.18 or 490.2 or in the 2014 Voters' Guide indicated that such offense was eligible for resentencing. In *People v. Ortiz* (2016) 243 Cal.App.4th 854 (*Ortiz*), a panel of this court held that a defendant who was convicted under section 10851 may be eligible for resentencing under Proposition 47 if the defendant shows that he committed theft of a vehicle valued at $950 or less. (*Ortiz, supra*, 243 Cal.App.4th at p. 857.) *Ortiz* affirmed the order denying the petition, however, because the petitioner had not made the requisite showing regarding the vehicle's value. (*Id.* at pp. 857-861.)

Even assuming that a conviction under Vehicle Code section 10851 may come within the purview of section 490.2 based on a showing of the circumstances underlying the conviction, appellant failed to make a threshold prima facie showing of entitlement to relief.[6] The burden rested upon appellant to present a legally sufficient petition that established his eligibility for resentencing under Proposition 47. (See 1170.18, subds. (a), (b); *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450; *Sherow, supra*, 239 Cal.App.4th at pp. 878-880; see also Evid. Code, § 500.)

Appellant alternatively asserts that, if Proposition 47 does not authorize a court to resentence a person currently serving a felony sentence for a conviction under Vehicle Code section 10851, this disparity constitutes an equal protection violation. "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.) Accordingly, ' "[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." ' (*Ibid.*) 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether

---

[6] The felony complaint, filed July 6, 2000, alleged that the vehicle was a Chevy Cavalier. The record does not indicate its value.

7

they are similarly situated for purposes of the law challenged." ' (*Ibid*.)" (*People v. Brown* (2012) 54 Cal.4th 314, 328.)

Appellant argues that a person who commits a theft of a car worth no more than $950 and is convicted under Vehicle Code section 10851 is similarly situated to a person who commits an identical car theft but is convicted under section 487, subdivision (d)(1). Section 487, subdivision(d)(1), characterizes theft of "[a]n automobile" as grand theft, but section 490.2 redesignates the crime as petty theft if the automobile's value "does not exceed nine hundred fifty dollars ($950)." Under Proposition 47, a person who is currently serving a felony sentence for conviction of grand theft of an automobile (§ 487, subd. (d)(1)) is eligible to petition for recall of sentence based on that reclassification if the value of the automobile is shown not to exceed $950. (§§ 490.2, subd. (a); 1170.18, subds. (a)-(c).)

Appellant fails to overcome the preliminary hurdle of showing that he is similarly situated to a person who was convicted of grand theft of an automobile valued at $950 or less. Therefore, we must reject his equal protection claim.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

8

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

MIHARA, J.