Filed 3/8/16  P. v. Shorter CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B263972 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA054743) |
| v. | |
| ANTHONY SHORTER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Steven R. Van Sicklen, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In an information filed by the Los Angeles County District Attorney's Office, defendant and appellant Anthony Shorter was charged with three counts of first degree burglary (counts 1, 2, & 6; Pen. Code, § 459),[1] three counts of receiving stolen property (counts 3, 4, & 7; § 496, subd. (a)), and one count of theft (count 5; § 484e). It was further alleged as to all counts that appellant had served one prior prison term (§ 667.5, subd. (b)) and had suffered three prior "strike" convictions (§§ 667, subds. (b)-(j), 1170.12). And, it was alleged as to counts 1 through 6 that appellant suffered three prior serious felony convictions (§ 667, subd. (a)(1)).

On September 25, 2003, a jury convicted appellant on all counts, and the three prior serious felony allegations and "strike" allegations were found true. Appellant's total prison sentence was 90 years to life.

On February 27, 2015, appellant filed a petition for recall and resentencing pursuant to section 1170.18, subdivisions (a) and (f). The trial court granted his petition as to counts 3, 4, and 7. It denied the petition as to count 5. Appellant's total prison sentence remained 90 years to life.

Appellant timely filed a notice of appeal. He argues that his theft conviction under section 484e, subdivision (d) [theft of access cards or account information], must be reduced to a misdemeanor pursuant to Proposition 47.[2]

We affirm.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    Because this is an appeal from a denial of a petition for recall and resentencing, the trial court's adjudication of the underlying conviction is not part of the record. As such, we have omitted a statement of the facts that led to appellant's conviction. The facts are summarized in appellant's prior appeal. (*People v. Shorter* (July 7, 2005, B174700) [nonpub. opn.].)

**DISCUSSION**

I. *Standard of Review*

In this appeal, we are asked to interpret sections 490.2 and 1170.18. We independently determine issues of law, including the interpretation and construction of statutory language. (*People v. Love* (2005) 132 Cal.App.4th 276, 284.) In so doing, we keep in mind the following principles:

"Our role in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1040; see also *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901 [we interpret an initiative's language to effectuate the electorate's intent].) "'"When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." [Citation.]'" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) "But if the language is ambiguous, [the court] consider[s] extrinsic evidence in determining voter intent, including the Legislative Analyst's analysis and ballot arguments for and against the initiative." (*Silicon Valley Taxpayers Assn., Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 431, 444–445.)

II. *Overview of Proposition 47*

Under section 1170.18, the resentencing provision created by the enactment of Proposition 47, a person currently serving a felony sentence for an offense that Proposition 47 made a misdemeanor may petition for a recall of that sentence and request resentencing in accordance with the statutes added or amended by Proposition 47. (§ 1170.18, subd. (a).) As is relevant to the issues in this appeal, these statutes include sections 459.5, 473, 476a, 490.2, 496, and 666. (§ 1170.18, subd. (a).) Section 490.2, also added by Proposition 47, provides, in relevant part: "'[N]otwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . .'"

III. *Applicable Statutes*

Section 487 provides, in relevant part: "Grand theft is theft committed in any of the following cases: [¶] (a) When the money, labor, or real or personal property taken is of a value exceeding nine hundred fifty dollars ($950) . . . ." Section 484e, subdivision (d), provides: "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft."

IV. *Analysis*

At issue is whether section 484e, subdivision (d), falls within the scope of section 1170.18. We conclude that it does not.[3] While section 1170.18, subdivision (a), clearly lists several theft-related offenses, it does not include theft of access card information under section 484e, subdivision (d). (*People v. Hendrix*, *supra*, 16 Cal.4th at p. 512.)

Moreover, section 484e is part of a "'comprehensive statutory scheme which punishes a variety of fraudulent practices involving access cards.'" (*People v. Molina* (2004) 120 Cal.App.4th 507, 512.) "The Legislature intended to provide broad protection to innocent consumers." (*Id*. at p. 519.) While appellant argues that the voters intended to prohibit felony punishment for violations of section 484e, subdivision (d), when the value of the property is not more than $950, (1) we presume that the voters were aware of existing laws and judicial construction thereof, including section 484e and its broad protection of consumers (*In re Lance W.* (1985) 37 Cal.3d 873, 890, fn. 11), and (2) there is no evidence that the voters intended for Proposition 47 to undercut this broad protection to innocent consumers.

---

[3] There is a split of authority as to whether section 490.2 applies to section 484e. (See *People v. Haywood* (2015) 243 Cal.App.4th 515, 522, fn. 10.) The issue is pending before our California Supreme Court. (See, e.g., *People v. Cuen* (review granted Jan. 20, 2016, G051368).)

4

We reject appellant's contention that his crime should be reduced to a misdemeanor because all theft crimes are covered by section 1170.18. But section 484e is not purely a theft crime; it covers both acquisition or retention of access card information. (*People v. Molina*, *supra*, 120 Cal.App.4th at p. 516 ["crime is possession of access card account information with a fraudulent intent" and "does not require that the information actually be used or that the account of an innocent consumer actually be charged or billed"].) Thus, even if all theft crimes were within the scope of section 1170.18, which we do not hold, appellant's crime would still not be included.

Moreover, it is well-established that a specific statutory provision relating to a particular subject controls over a more general provision. (*Hughes Electronics Corp. v. Citibank Delaware* (2004) 120 Cal.App.4th 251, 270.) Section 484e, subdivision (d), is a more specific statute, and it describes grand theft without reference to value. It has been deemed serious enough to trigger felony punishment. (*People v. Molina, supra*, 120 Cal.App.4th at p. 518.) For this additional reason, appellant's crime should not be reduced to a misdemeanor.

The rule of lenity, "whereby courts must resolve doubts as to the meaning of a statute in a criminal defendant's favor," does not aid appellant. (*People v. Avery* (2002) 27 Cal.4th 49, 57.) That rule applies "'only if the court can do more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule.'" (*Id*. at p. 58.) No such ambiguity or uncertainty exists here.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
           ASHMANN-GERST


We concur:


_____, P. J.
       BOREN


_____, J.
       CHAVEZ