Filed 9/20/16  P. v. Ashley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C080297 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F0348) |
| v. | |
| WILLIAM LEE ASHLEY, | |
| Defendant and Appellant. | |

Defendant William Lee Ashley appeals from the trial court's denial of his Penal Code section 1170.18 (unless otherwise set forth, statutory references that follow are to the Penal Code) petition to reduce his felony conviction for unlawfully driving or taking a vehicle (Veh. Code, § 10851) to a misdemeanor.  He contends the trial court erred in finding his conviction ineligible for section 1170.18 relief.  We affirm the court's order denying the petition.

FACTS AND PROCEEDINGS

On or about April 18, 2002, defendant unlawfully drove and took a 1981 Mercury Cougar owned by Jennifer McCrody without her consent.  Defendant pleaded guilty to unlawfully driving or taking a vehicle and was placed on three years' formal probation.

1

Defendant's probation was subsequently revoked and he was sentenced to a two-year state prison term, to be served concurrently with a two-year term imposed in another case.

Defendant subsequently filed a section 1170.18 petition to reduce his conviction to a misdemeanor. Attached to the petition was a declaration from counsel that the vehicle in question "was valued at around $500.00." The trial court denied the petition, finding defendant's crime was ineligible for resentencing.

DISCUSSION

Defendant contends the trial court erred in finding his conviction for unlawfully driving or taking a vehicle was not subject to the resentencing provisions of section 1170.18.

This issue is currently before the California Supreme Court. (See, e.g., *People v. Johnston* (2016) 247 Cal.App.4th 252, review granted July 13, 2016, S235041; *People v. Solis* (2016) 245 Cal.App.4th 1099, review granted June 8, 2016, S234150; *People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted Mar. 16, 2016, S232344; *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted Mar. 9, 2016, S232250; and *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793.)

Section 1170.18, subdivision (a) provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Section 1170.18 was enacted as part of Proposition 47, which reduced many crimes from felony to misdemeanor. As pertinent to this case, Proposition 47 added section 490.2, which states: "Notwithstanding Section 487 or any other provision of law

defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a).)

Defendant asserts that section 490.2 applies to vehicle theft offenses under Vehicle Code section 10851. In support of this claim, he relies on the plain language of section 490.2 reclassifying as petty thefts all thefts of property worth $950 or less. Defendant also notes that Vehicle Code section 10851 convictions are treated as theft offenses when the defendant's criminal act was the unlawful taking of a vehicle either permanently or for an extended time. (See *People v. Garza* (2005) 35 Cal.4th 866, 871 (*Garza*).) He claims that his proposed interpretation advances Proposition 47's intent to reclassify low-level theft offenses as misdemeanors. Excluding Vehicle Code section 10851 from Proposition 47 would, according to defendant, lead to the anomalous result of allowing prosecutors to charge thefts of vehicles worth $950 or less as felonies under Vehicle Code section 10851 even though they could be only misdemeanors under section 487. Finally, defendant claims that excluding Vehicle Code section 10851 would violate equal protection and the California constitutional prohibition against cruel or unusual punishment.

Proposition 47 reduced to misdemeanors three drug crimes, Health and Safety Code sections 11350, 11357, and 11377, as well as the property crimes of forging or writing bad checks (§§ 473, 476a) and receiving stolen property (§ 496). It also reduced to misdemeanors thefts and certain burglaries of commercial premises that did not exceed $950 through the newly enacted crimes of petty theft (§ 490.2) and shoplifting (§ 495.5), and limited felony punishment for petty theft with a prior (§ 666) for recidivists who would be disqualified from resentencing under the initiative. (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Official Title and Summary of Prop. 47, p. 34 (2014 Voter Guide); see also *id.* text of Prop. 47, §§ 5-13, pp. 71-73.)

3

Vehicle Code section 10851 is notably absent from this list. As previously noted, the initiative allows for resentencing of those whose crimes would have been misdemeanors had Proposition 47 been in effect at the time of the offense. Since Proposition 47 did not amend Vehicle Code section 10851, defendant's crime would still be subject to felony or misdemeanor punishment had the initiative been in effect at the time of his crime. (See Veh. Code, § 10851, subd. (a).) Therefore, based on the statutory language alone, whether before or after Proposition 47, defendant could be convicted for a felony violation of Vehicle Code section 10851.

Defendant's claim centers on a part of section 490.2, the phrase, "[n]otwithstanding Section 487 or any other provision of law defining grand theft." (§ 490.2, subd. (a).) The question presented here is whether Vehicle Code section 10851 defines a form of grand theft. We hold that it does not.

"In interpreting a voter initiative, we apply the same principles that govern our construction of a statute. [Citation.] We turn first to the statutory language, giving the words their ordinary meaning. [Citation.] If the statutory language is not ambiguous, then the plain meaning of the language governs. [Citation.] If, however, the statutory language lacks clarity, we may resort to extrinsic sources, including the analyses and arguments contained in the official ballot pamphlet, and the ostensible objects to be achieved. [Citations.]" (*People v. Lopez* (2005) 34 Cal.4th 1002, 1006.)

The crime of unlawfully driving or taking a vehicle " 'proscribes a wide range of conduct.' [Citation.] A person can violate [Vehicle Code] section 10851[, subdivision] (a) 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).' [Citations.]" (*Garza, supra*, 35 Cal.4th at p. 876.) Since section 490.2 amends only section 487 and any other provision defining grand theft, it is simply inapplicable to Vehicle Code section 10851. It therefore is not anomalous to exclude from section 490.2 a statute that proscribes nontheft activity like Vehicle Code section 10851.

4

The Legislature does not define grand theft by implication. Section 487 is not the only penal statute that specifically defines a form of grand theft. (See, e.g., §§ 487a, subd. (a) [any theft of a "horse, mare, gelding, any bovine animal, any caprine animal, mule, jack, jenny, sheep, lamb, hog, sow, boar, gilt, barrow, or pig" is grand theft]; 487d ["Every person who feloniously steals, takes, and carries away, or attempts to take, steal, and carry from any mining claim, tunnel, sluice, undercurrent, riffle box, or sulfurate machine, another's gold dust, amalgam, or quicksilver is guilty of grand theft"].) Section 490.2 covers crimes such as these rather than offenses with nontheft components like unlawfully driving or taking a vehicle.

Defendant's reliance on Proposition 47's general purpose is likewise misplaced. Proposition 47 is intended "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and [to] support programs in K-12 schools, victim services, and mental health and drug treatment," (2014 Voter Guide, *supra*, text of Prop. 47, § 2, p. 70), and contains a provision for liberal interpretation to effectuate its purpose (*id.* § 18, p. 74). Neither of these provisions support the result defendant seeks.

"But no legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice--and it frustrates rather than effectuates legislative intent simplistically to assume that whatever furthers the statute's primary objective must be the law. Where, as here, 'the language of a provision . . . is sufficiently clear in its context and not at odds with the legislative history, . . . "[there is no occasion] to examine the additional considerations of 'policy' . . . that may have influenced the lawmakers in their formulation of the statute." ' [Citation.]" (*Rodriguez v. United States* (1987) 480 U.S. 522, 525-526 [94 L.Ed.2d 533, 538]; accord *County of Sonoma v. Cohen* (2015) 235 Cal.App.4th 42, 48; italics omitted.) This is true even where legislation calls for

5

liberal "construction." (See, e.g., *Foster v. Workers' Comp. Appeals Bd.* (2008) 161 Cal.App.4th 1505, 1510 [workers' compensation law].) The operative language of Proposition 47 is clear; it did not amend Vehicle Code section 10851, and that crime does not come within section 490.2 because it is not a law defining grand theft. Therefore, the general purpose of Proposition 47 does not support defendant's argument in this context. (See *People v. Morales* (2016) 63 Cal.4th 399, 408 ["But the purpose of saving money does not mean we should interpret the statute in every way that might maximize any monetary savings"].)

Defendant's claim that excluding Vehicle Code section 10851 from Proposition 47 violates the California Constitution's prohibition against cruel or unusual punishment (Cal. Const., art. I, § 17) centers on the fact that Vehicle Code section 10851 is a lesser included offense of grand theft auto, section 487, subdivision (d). (See *People v. Barrick* (1982) 33 Cal.3d 115, 128.) He claims that punishing a lesser included offense more severely than the greater offense is an impermissibly unusual punishment.

In *People v. Schueren* (1973) 10 Cal.3d 553 (*Schueren*), the defendant was charged with assault with a deadly weapon with the intent to commit murder (former § 217) and was convicted of the lesser included offense of assault with a deadly weapon (§ 245). (*Schueren*, at pp. 555-556.) In that case decided before the Determinate Sentencing Law, the defendant was sentenced to six months to life. (*Id.* at p. 556.) The maximum term for violating former section 217 was 14 years. (*Ibid.*)

The Supreme Court held that any punishment greater than 14 years for the lesser included offense that the defendant was convicted of would be unconstitutionally unusual. "Here had defendant pleaded guilty to the offense charged or been found guilty of that offense his prison term could not have exceeded 14 years but by asserting his constitutional rights against self-incrimination and to a jury trial and by successfully defending against the crime charged but not against an included offense, he is now faced with the possibility of life in prison. Under the circumstances we believe that a prison

6

term exceeding 14 years is, literally, an 'unusual' punishment -- i.e., a punishment that in the ordinary course of events is not inflicted. It would seem indisputable that an accused is normally not subject to an increased maximum prison term as a consequence of, inter alia, exercising his constitutional rights and successfully defending against the crime charged. In our opinion such a term under the circumstances is contrary to 'the requirements of regularity and fairness' embodied in article I, section 6 [Citation.]" (*Schueren, supra*, 10 Cal.3d at pp. 560-561, fn. omitted.)

*Schueren* does not stand for the proposition that a lesser included offense must be punished less severely than the greater offense. "Our decision should not handicap law enforcement. The People are still free to charge violations of sections [former] 217 and 245 in separate counts. Should a defendant be convicted on both counts thus separately pleaded Penal Code section 654 precludes multiple punishment for a single act, and normally in order to prevent multiple punishment the lesser penalty is stayed . . . ." (*Schueren, supra*, 10 Cal.3d at p. 561.) What rendered the defendant's sentence unconstitutional in *Schueren* was that he received a potentially greater sentence by virtue of successfully defending against the charged crime.

Defendant's Vehicle Code section 10851 conviction was based on a guilty plea rather than a successful defense against a charge of grand theft auto. Were he charged today, *Schueren* would not prevent him from being charged with, and convicted of, a felony violation of Vehicle Code section 10851 for the theft of a vehicle worth $950 or less. *Schueren* is even less relevant where, as here, defendant seeks to invoke section 1170.18 to modify an already final judgment. "*Schueren, supra*, 10 Cal.3d 553 is inapposite because defendant 'has not been prejudiced by asserting his constitutional rights . . .; did not successfully defend against the charged crime; and, upon judgment, he did not suffer a greater sentence for a lesser included offense.' [Citation.] Under the laws then in effect, defendant received a valid indeterminate sentence. There was nothing unusual about his sentence, as it was not one 'that in the ordinary course of

events is not inflicted.' [Citation.]" (*People v. Smith* (2015) 234 Cal.App.4th 1460, 1468-1469 [declining to apply *Schueren* to analogous § 1170.126 proceeding].)

We also reject defendant's equal protection argument. "[N]either the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles. [Citation.]" (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) It has therefore long been the case that "a car thief may not complain because he may have been subjected to imprisonment for more than 10 years for grand theft of an automobile [citations] when, under the same facts, he might have been subjected to no more than 5 years under the provisions of section 10851 of the Vehicle Code." (*People v. Romo* (1975) 14 Cal.3d 189, 197.) Unless the defendant can show that he or she " 'has been singled out deliberately for prosecution on the basis of some invidious criterion,' . . . the defendant cannot make out an equal protection violation. [Citation.]" (*Wilkinson,* at p. 839.) Defendant has not made this showing, so his claim fails.

Proposition 47 did not change the punishment for violations of the Vehicle Code section. The trial court did not err in denying defendant's section 1170.18 petition.

DISPOSITION

The judgment (order) is affirmed.

                                                 HULL           , Acting P. J.

We concur:

      MAURO        , J.

      MURRAY      , J.

8