Filed 9/26/16  P. v.Lee CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051336 |
| v. | (Super. Ct. No. 12NF2460) |
| ANDREW SUNGEUN LEE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Sharon Rhodes and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Andrew Sungeun Lee appeals from an order denying his petition under Penal Code section 1170.18 for, inter alia, the reduction of his felony convictions, for unlawfully taking a vehicle in violation of Vehicle Code section 10851, subdivision (a) and receiving a stolen motor vehicle in violation of Penal Code section 496d, subdivision (a), to misdemeanors. (All further statutory references are to the Penal Code unless otherwise specified.) Lee argues his convictions fall within the category of felony offenses that qualify for reduction to misdemeanors by the passage of the Safe Neighborhoods and Schools Act (Proposition 47). He also argues the denial of his petition under the new statutory scheme violates his right to equal protection of the law under the Fourteenth Amendment to the United States Constitution and the California Constitution.

We affirm. Neither Vehicle Code section 10851 nor section 496d is included in the list of statutes contained in section 1170.18, defining felonies that qualify for redesignation as misdemeanors. Even if we were to assume both offenses constitute theft-related offenses within the meaning of section 490.2, and thereby potentially qualify for redesignation to misdemeanors under Proposition 47, the petition was properly denied because Lee failed to prove that the stolen car he had received and unlawfully had taken had a value of no more than $950, which is a requirement of misdemeanor petty theft under section 490.2. Lee's equal protection argument fails due to the same failure of proof.

BACKGROUND

In 2012, Lee was charged in a felony complaint with one count each of unlawful taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a) and receiving stolen property (a motor vehicle) in violation of section 496d, subdivision (a). He pleaded guilty to both counts, stating as the factual basis of his plea: "In Orange County, California, on 7-29-12 I unlawfully took the vehicle of another w/intent to

2

temporarily or permanently deprive them of possession and/or was in receipt of stolen property that I knew or should have known to be stolen." The trial court suspended imposition of sentence and placed Lee on three years' formal probation with terms and conditions including that he serve 180 days in jail.

In November 2014, Lee filed a petition under section 1170.18, subdivision (a), in which he sought to have his felony convictions for both counts recalled and reduced to misdemeanors. The People filed a response opposing the petition on the ground "not affected by Prop 47, property value greater than $950."

In December 2014, Lee filed a second petition for relief under section 1170.18, subdivision (a). The trial court denied Lee's petition. Lee appealed.

DISCUSSION

I.

*Proposition 47 and Standard for Interpreting Voter Initiatives*

In 2014, the voters enacted Proposition 47, which makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. (*People v. Morales* (2016) 63 Cal.4th 399, 404.) Those offenses previously had been designated either as felonies or as crimes that can be punished as either felonies or misdemeanors. (*Ibid.*) Proposition 47 added, among other things, sections 490.2 and 1170.18 to the Penal Code. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1092.) Section 490.2 provides that "obtaining any property by theft" constitutes a misdemeanor where the value of the property taken does not exceed $950. (See *People v. Acosta* (2015) 242 Cal.App.4th 521, 525.)

II.

*Lee Failed to Show Proposition 47 Applies to His Convictions for Unlawful Taking of a Vehicle and Receiving a Stolen Vehicle.*

Lee was convicted of unlawful taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a), and receiving stolen property (a motor vehicle) in

3

violation of section 496d, subdivision (a). Neither Vehicle Code section 10851 nor section 496d is included in section 1170.18, subdivision (a)'s list of statutes defining felony offenses that qualify for redesignation as misdemeanors. Indeed, "[t]he ameliorative provisions of Proposition 47 apply to 'Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.' (§ 1170.18.)" (*People v. Acosta, supra,* 242 Cal.App.4th at p. 526.)

Notwithstanding the omission of the crimes of unlawful taking of a vehicle and receiving stolen property from the enumerated offenses in section 1170.18, subdivision (a), Lee argues that both offenses qualify as theft-related offenses within the meaning of section 490.2 and, therefore, under that statute, his convictions are eligible for redesignation to misdemeanors. Section 490.2, subdivision (a) provides in relevant part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." Section 487 defines grand theft, which includes the theft of an automobile. (§ 487, subd. (d)(1).)

The California Supreme Court is currently considering this issue with respect to Vehicle Code section 10851 in *People v. Page* (2015) 241 Cal.App.4th 714, review granted January 27, 2016, S230793, *People v. Solis* (2016) 245 Cal.App.4th 1099, review granted June 8, 2016, S234150, and *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted March 9, 2016, S232250. The Supreme Court has also granted review in two cases where the felony conviction was for receiving a stolen vehicle (§ 496d). (See *People v. Nichols* (2016) 244 Cal.App.4th 681, review granted Apr. 20, 2016, S233055; *People v. Peacock* (2015) 242 Cal.App.4th 708, review granted Feb. 17, 2016, S230948.)

4

We do not need to decide whether section 490.2 might be applied to reduce some felony convictions under Vehicle Code section 10851 or section 496d to misdemeanors because even were we to assume such an application, section 490.2 requires that the property at issue must have a value of $950 or less. Lee's factual basis for his guilty plea only showed he took "the vehicle of another w/intent to temporarily or permanently deprive them of possession" and was in receipt of property he knew or should have known was stolen. Nothing in our record shows the value of the stolen vehicle.

Lee argues the record shows the vehicle in question had a value of $950 or less because the trial court's minute order from the sentencing hearing included a restitution order "in the amount of: $456.65 plus interest at 10% per year from loss date 7/25/12 for victim Magnin, Lynn signed and filed." The record does not show that the amount reflected in the restitution order equaled the value of the vehicle. Indeed, the record does not show what expense the restitution order represents. Lee had the burden of showing the facts establishing his eligibility for relief under Proposition 47, including that the value of the stolen vehicle did not exceed $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 877 [section 1170.18 places the burden on the petitioner to show that the value of the item at issue did not exceed $950].) Because Lee failed to carry that burden, the petition was properly denied.

III.

*Lee's Constitutional Right to Equal Protection Has Not Been Violated.*

Lee argues that the equal protection clause of the Fourteenth Amendment to the United States Constitution and the equal protection clause of the California Constitution require application of the provisions of sections 490.2 and 1170.18 to his felony convictions for violating Vehicle Code section 10851, subdivision (a) and section 496d, subdivision (a). Lee's argument is based on section 490.2, subdivision (a)'s provision that even a conviction for grand theft auto in violation of

5

section 487, subdivision (d)(1) constitutes a misdemeanor offense if the value of the vehicle does not exceed $950.

In his supplemental opening brief, Lee argues: "If the plain language of section 490.2 does not apply to either section 496d or Vehicle Code section 10851 ('Section 10851'), then similarly situated defendants will be treated differently (assuming the value of the theft does not exceed $950 and the defendant has not suffered a disqualifying prior conviction). For instance, if a defendant who took a vehicle worth less than $950 was prosecuted under section 496d or Section 10851 he would suffer a felony conviction. But if the same defendant was prosecuted for theft of a vehicle under section 487, subdivision (d)(1) he would only suffer a misdemeanor conviction under Proposition 47. [¶] These hypothetical defendants are similarly situated because section 496d and Section 10851 apply to the same conduct as section 487, subdivision (d)(1)."

"'"The equal protection guarantees of the Fourteenth Amendment and the California Constitution are substantially equivalent and analyzed in a similar fashion. [Citations.]" [Citation.] We first ask whether the two classes are similarly situated with respect to the purpose of the law in question, but are treated differently. [Citation.] If groups are similarly situated but treated differently, the state must then provide a rational justification for the disparity. [Citation.]'" (*People v. Noyan* (2014) 232 Cal.App.4th 657, 666.) "'"The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.]' [Citation.] This concept "'"compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment."'" [Citation.]'" (*Ibid.*)

An individual who has stolen a vehicle in violation of section 487 is eligible for redesignation of his or her felony conviction to a misdemeanor under sections 490.2 and 1170.18 if the stolen vehicle is worth no more than $950. Lee's equal

6

protection argument therefore depends on his establishing that he is similarly situated to individuals convicted of stealing a vehicle worth $950 or less.  As discussed *ante*, Lee has not shown he is similarly situated to such a class because he failed to show the value of the vehicle that he "was in receipt of" and "took."  There is nothing in Lee's plea or any finding of fact that establishes the vehicle had a value of $950 or less.  Because the record does not show the value of the stolen vehicle, Lee has failed to show he is similarly situated to persons convicted of grand theft auto involving vehicles with a value of no more than $950, who, he contends, received unequal treatment under Proposition 47.  We therefore reject his equal protection challenge.

DISPOSITION

The postjudgment order is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.


7