Filed 1/8/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042062 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1245313) |
| v. | |
| MANUEL IGNACIO ORTIZ, | |
| Defendant and Appellant. | |

Defendant Manuel Ignacio Ortiz appeals from the denial of his petition for resentencing under Proposition 47.  Defendant contends Penal Code section 490.2 (Section 490.2) makes him eligible for resentencing on his conviction for theft of a car under Vehicle Code section 10851 (Section 10851).  The trial court denied the petition on the ground that a conviction under Section 10851 does not meet Proposition 47's eligibility criteria as a matter of law.

We hold that a defendant convicted under Section 10851 may be eligible for Proposition 47 resentencing if he or she can show the offense qualifies as a petty theft under Section 490.2.  Here, defendant must show he committed theft of a vehicle valued at $950 or less.  Because defendant did not satisfy his burden to make such a showing, we affirm the denial of his petition without prejudice to subsequent consideration of a properly filed petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts of the Offense*

On November 6, 2012, Claudia Uchicua and Gumaro Madera told police their 1990 Honda Civic had been stolen. On November 20, 2012, police stopped the car in San José while defendant was driving it. The front license plate was missing, and the rear license plate number did not match the registered number. The car key was sitting loosely in the ignition and the stereo was missing. Police found a pair of pliers on the floor of the car, and defendant had a shaved key in his sweater. When police asked defendant for his driver's license, he told them it had been suspended. Defendant told police his friend Carlos had loaned him the car, but defendant could not supply a last name, phone number, or address for Carlos.

Uchicua told police she did not know defendant and had never given him permission to drive the car. She said the loss of the car had caused Madera to lose a week's wages because he could not drive to work. The car had suffered damage to the fender, hood, and radiator. The victims had initially bought the car for $1,000 and sold it for $300 after recovering it.

B. *Procedural Background*

In February 2013, the prosecution charged defendant by information with: Count One—Vehicle theft (Veh. Code, § 10851, subd. (a)); Count Two—Possession of burglary tools (Pen. Code, § 466); and Count Three—Driving with a suspended license (Veh. Code, § 14601, subd. (a)). As to Count One, the information alleged defendant had suffered a prior felony conviction for violating Section 10851. (Pen. Code, § 666.5.) The information further alleged defendant had suffered a prior "strike" conviction and served two prior prison terms. (Pen. Code, §§ 667, subds. (b)-(i), 667.5, subd. (b).) Defendant pleaded guilty to all three counts and admitted all allegations. The trial court sentenced defendant to four years in state prison.

In January 2015, defendant petitioned for resentencing under Proposition 47. (Pen. Code, § 1170.18.)  The trial court denied the petition on the ground that Section 10851 "is not one of the offenses that is affected by the provisions of Proposition 47 or 1170.18 of the Penal Code."

## II. DISCUSSION

Defendant contends the trial court erred by denying his petition because he is eligible for resentencing under Section 490.2, which defines petty theft and makes it a misdemeanor.  The Attorney General contends the trial court properly denied the petition because Proposition 47 does not apply to Section 10851 or Penal Code section 666.5.

We agree with defendant that a conviction under Section 10851 may be eligible for resentencing under Section 490.2, provided the offense satisfies the elements of petty theft as defined by that section.  However, we conclude defendant failed to make such a showing in the petition he filed in January 2015.

A. *Background*

In November 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which reduced certain drug- and theft-related offenses to misdemeanors.  As relevant here, the act added Section 490.2, which defined certain petty thefts as misdemeanors.  Proposition 47 also created a new resentencing scheme for persons serving felony sentences for offenses which were made misdemeanors by the act. (Pen. Code, § 1170.18, subd. (a).)  A person currently serving a sentence for a felony conviction may petition for recall if the person would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense.  Such a person may request resentencing in accordance with Section 490.2, among other sections.

Here, the issue of defendant's eligibility for resentencing is a question of statutory construction.  "Statutory construction is a question of law which we decide independently.  [Citation.]  Our role in construing any statute is to ascertain the Legislature's intent and effectuate the purpose of the law.  Generally, we accomplish this

3

task by giving the statutory words their usual, ordinary meanings. [Citation.] ' "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on [its] face . . . or from its legislative history." ' [Citation.]" (*People v. Love* (2005) 132 Cal.App.4th 276, 284.)

To determine defendant's eligibility for resentencing, we must determine whether defendant would have been guilty of a misdemeanor if Proposition 47 had been in effect in November 2012 when defendant committed his offense. This analysis assumes Section 490.2 was also in effect at that time. Section 490.2 provides, in part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a).) Nothing in the plain language of the statute—which covers "*any property* by theft"— excludes the theft of a vehicle. Thus, if defendant stole a vehicle with a value of $950 or less, that offense would have been a misdemeanor under Section 490.2.

B. *Eligibility for Resentencing under Section 490.2*

The Attorney General contends Proposition 47 did not modify Section 10851. While Proposition 47 did not list Section 10851 by name or number, the plain language of Section 490.2 unambiguously includes conduct prohibited under Section 10851. Section 10851 punishes "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . ." (Veh Code, § 10851, subd. (a).) Nothing in this statute addresses the value of vehicles that are taken or driven. Thus, Section 10851 includes the taking of a vehicle worth $950 or less by a person who intends to permanently deprive the owner of his or her title to or possession of the

vehicle. But, "[n]otwithstanding . . . any other law defining grand theft," Section 490.2 now punishes the theft of a vehicle worth $950 or less as a misdemeanor.

The Attorney General argues that a violation of Section 10851 is not a form of theft. But the taking of any property may be a theft if the offender takes the property with the intent to permanently deprive the owner of possession, or "for so extended a period as to deprive the owner of a major portion of its value or enjoyment." (*People v. Avery* (2002) 27 Cal.4th 49, 55.) Section 10851 prohibits the driving or taking of a vehicle "with intent either to permanently or temporarily deprive the owner" of possession. (Veh. Code, § 10851.) Thus, Section 10851 covers both theft and non-theft conduct. As the California Supreme has held, "[Section 10851] defines the crime of unlawful driving *or* taking of a vehicle. Unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away. For this reason, a defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction . . . ." (*People v. Garza* (2005) 35 Cal.4th 866, 871, original italics.) We conclude that if a person convicted of violating Section 10851 took a vehicle worth $950 or less with the intent to permanently deprive the owner of its possession, such conduct is now petty theft, and the prior conviction is eligible for resentencing as a misdemeanor under Proposition 47.

The Fourth District Court of Appeal recently reached a different result in *People v. Page* (2015) 241 Cal.App.4th 714 (*Page*). The *Page* court concluded that Section 10851 does not proscribe theft. (*Id.* at p. 719.) But a separate panel of that court disagreed with the reasoning of *Page*. (*People v. Gomez* (Dec. 23, 2015, E062867) __ Cal.App.4th __ [2015 WL 9435512] (*Gomez*).) *Gomez* held that if a defendant takes a vehicle with the intent to permanently deprive the owner of the vehicle, and if the value of the vehicle is $950 or less, the offense constitutes a violation of Section 490.2. The Third District Court of Appeal recently agreed with *Page* in *People v. Haywood* (Dec. 30, 2015,

5

C078609) __ Cal.App.4th __ [2015 WL 9589809] (*Haywood*).  We disagree with *Page* and *Haywood*, and we agree with the reasoning of *Gomez*.

The Attorney General acknowledges that vehicle theft may be covered under Section 10851, but she nonetheless argues that this defendant was not convicted of theft. The record shows otherwise.  The prosecution explicitly charged defendant in Count One of the information with vehicle theft.  The prosecution's pleadings repeatedly referred to the violation as a "theft."  The abstract of judgment lists the offense as vehicle theft.  And more significantly, the facts of the case support a finding of theft.  Police found defendant in possession of the vehicle two weeks after it was stolen, and the vehicle's rear license plate had been replaced.  If defendant did not intend to permanently deprive the owner of its possession, he certainly intended to do so "for so extended a period as to deprive the owner of a major portion of its value or enjoyment."  (*People v. Aver*y, *supra*, 27 Cal.4th at p. 55.)

The Attorney General also argues that Proposition 47 does not apply to Penal Code section 666.5, under which defendant was punished as a repeat offender.  Under that section, a defendant previously convicted of a felony violation of Section 10851 is subject to an enhanced penalty if the current offense is also a felony violation of Section 10851.  Proposition 47 says nothing about Penal Code section 666.5.  But Penal Code section 666.5 creates a sentence enhancement *only where the current offense is also a felony violation*.  Section 490.2, by reducing petty theft of a vehicle to a misdemeanor, removes such misdemeanants from the ambit of Penal Code section 666.5.

C. *Defendant Failed to Establish Eligibility*

In the trial court, defendant presented no facts or evidence apart from those already in the record of conviction.  The trial court did not order an evidentiary hearing, apparently based upon its conclusion that section 10851 "is not one of the offenses that is affected by the provisions of Proposition 47 or 1170.18 of the Penal Code."

6

Defendant contends that, once he files his petition setting forth the grounds supporting his eligibility, the court must presume him eligible and the prosecution bears the burden of proving ineligibility beyond a reasonable doubt. Defendant further contends he is entitled to a jury trial on the matter. The Attorney General, citing *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), contends defendant has failed to make the showing required for eligibility. Defendant responds that the record of conviction is sufficient to support the showing required under *Sherow*.

We agree with the Attorney General that defendant has the burden to make the initial showing of eligibility under *Sherow, supra*. As noted earlier, the record of conviction supports a finding that defendant committed theft of a vehicle, but the record does not show that the value of the vehicle was $950 or less. The victims bought the vehicle for $1,000, but the record does not reveal how long ago they bought it or how far they drove it before it was stolen. They sold it for $300 after recovering it, but they claimed the vehicle was damaged while in defendant's possession. From this record, we cannot determine the value of the vehicle at the time defendant stole it. Accordingly, defendant has not made the showing required to prove he committed petty theft under Section 490.2. Because the trial court did not afford him an evidentiary hearing on the issue, we will affirm the denial of his petition without prejudice to subsequent consideration of a properly filed petition.[1]

As to defendant's claim that he is entitled to a jury trial on the factual findings underlying eligibility for resentencing, we conclude he has no right to a jury trial. In *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279 (*Kaulick*), the Second District Court of Appeal held that defendants under Penal Code section 1170.126 (Proposition 36) have no Sixth Amendment right to a jury trial on the issue of suitability

---

[1] Given this result, we need not address defendant's argument that it would violate equal protection principles to treat his conduct differently under Section 10851 as compared with Section 490.2.

for resentencing.  We agree with *Kaulick*, and we think its reasoning applies with equal force in the context of determining eligibility for resentencing under Proposition 47.  A defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt does not apply to limits on downward sentence modifications.  (*Dillon v. United States* (2010) 560 U.S. 817, 828 [taking the original sentence as given, any facts found by a judge at a modification proceeding do not serve to increase the prescribed range of punishment].)

For these reasons, we will affirm the denial of defendant's petition without prejudice to subsequent consideration of a properly filed petition.

### III.    DISPOSITION

The order denying the petition for resentencing is affirmed without prejudice to subsequent consideration of a properly filed petition.

_____
Márquez, J.

WE CONCUR:


_____
 Rushing, P.J.




_____
 Premo, J.




No. H042062
The People v. Ortiz

Trial Court:                                          Santa Clara County
                                                     Superior Court No.:  C1245313


Trial Judge:                                         The Honorable Linda R. Clark


Attorney for Defendant and Appellant                 Blair Greenberg
Manuel Ignacio Ortiz:                                under appointment by the Court of
                                                     Appeal for Appellant


Attorneys for Plaintiff and Respondent               Kamala D. Harris,
The People:                                          Attorney General

                                                     Gerald A. Engler,
                                                     Chief Assistant Attorney General

                                                     Jeffrey M. Laurence,
                                                     Acting Senior Assistant Attorney
                                                     General

                                                     Donna M. Provenzano,
                                                     Supervising Deputy Attorney General

                                                     Hanna Chung,
                                                     Deputy Attorney General


People v. Ortiz
H042062