Filed 3/3/16  P. v. Garness CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B262288 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA098206) |
| v. | |
| SCOTT T. GARNESS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Wade Olson, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

_____

Appellant Scott T. Garness was convicted, by no contest plea, of one count of unlawful driving or taking a vehicle (Veh. Code, § 10851), one count of receiving stolen property (Pen. Code, § 496), and one prior strike conviction (§ 667, subd. (b)-(i)).  After the enactment of Proposition 47 (Prop 47), some felony theft offenses may be resentenced as misdemeanors if certain circumstances are met, including that the value of the property does not exceed $950.  Garness moved for resentencing under Prop 47.  The trial court denied the motion for two reasons:  (1) Prop 47 does not apply to convictions of Vehicle Code section 10851; and (2) the value of the stolen property exceeded $950.  Garness appeals.  We conclude that Garness did not establish that the value of the property was less than $950, and therefore affirm without reaching the issue of the applicability of Prop 47 to convictions of Vehicle Code section 10851.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2012, Garness was found by police sitting in a recently stolen 1985 Toyota pickup truck, with the engine running.  Garness was operating the car with a "shaved key," which is commonly used to steal older model vehicles.  Parked nearby was a recently stolen 1990 Toyota pickup truck.  Defendant was charged by information with two counts of violating Vehicle Code section 10851 (one for each truck); one count of receiving stolen property (both trucks); and one count of possession of burglary tools (Pen. Code, § 466).  It was also alleged that defendant had suffered a prior "strike" within the meaning of the Three Strikes Law (Pen. Code, § 667, subds. (b)-(i)).

Defendant entered a no contest plea to unlawful driving or taking of the 1985 truck, and receiving stolen property.  He admitted the strike.  This was a negotiated plea, in exchange for a sentence of four years in prison.  Defendant was convicted and

2

sentenced accordingly; the remaining counts and other enhancements were dismissed in the interests of justice.[1]

Prop 47 was adopted by the voters in November 2014. Among other things, it added Penal Code section 490.2, which provides that, notwithstanding any other provision of the law defining grand theft, "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor" except under circumstances not applicable here. It further amended the crime of receiving stolen property in Penal Code section 496 from a wobbler to a misdemeanor, if the stolen property did not exceed $950. Prop 47 also created a process for persons currently serving felony sentences for what would have qualified as misdemeanors, if the new laws had been in effect at the time of sentencing, to petition for resentencing of those offenses as misdemeanors. (Pen. Code, § 1170.18, subd. (a).)

On December 29, 2014, Garness in pro. per. filed a petition for resentencing of his receiving stolen property conviction only. Although his petition indicated that he had also been convicted of Vehicle Code section 10851, he did not seek resentencing on that count. While Garness's petition included generic language stating he met all the criteria for resentencing, he did not specifically state that the property stolen was less than $950, and pointed to no evidence supporting any such valuation. An attorney was appointed to represent Garness and a brief hearing was held. The court stated its understanding that Vehicle Code section 10851 did not qualify for resentencing under Prop 47, and that the stolen property received exceeded $950. The prosecutor agreed. When asked if she wanted to be heard, Garness's counsel stated, "No." The petition was denied. Defendant filed a timely notice of appeal, again referring only to receiving stolen property.

---

[1]   Defendant's sentence was calculated as the low term (16 months) for Vehicle Code section 10851, plus a consecutive 8 months (1/3 the middle term) for receiving stolen property, both doubled for the strike.

3

# DISCUSSION

On appeal, Garness for the first time argues at length that Prop 47 applies to convictions of Vehicle Code section 10851, despite his failure to seek such relief before the trial court.[2] Apart from whether the issue is properly before us, we need not reach it, due to Garness's failure of proof regarding the value of the pickup trucks.

Prop 47 is silent on which party bears the burden of proof of the defendant's eligibility or ineligibility for resentencing. Cases considering the issue, however, have agreed that the defendant bears the burden of proving eligibility. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878-880; see also *People v. Perkins* (2016) 244 Cal.App.4th 129 [2016 WL 297309, *4-*5]; *People v. Ortiz, supra,* 243 Cal.App.4th at p. 861; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449.) This includes the burden of establishing that the value of the property stolen (or the value of the stolen property received) did not exceed $950. (*Rivas-Colon,* at p. 449; *Sherow,* at p. 879.)

In this case, Garness made no attempt to establish that the value of both vehicles together (the stolen property he possessed) did not exceed $950. (As Garness did not even seek resentencing on the Vehicle Code section 10851 conviction, he did not attempt to establish that the value of the 1985 truck alone did not exceed $950.) As this was his

---

[2]    The issue is an undecided one. Vehicle Code section 10851 is not specifically mentioned in Prop 47; the issue is whether it was meant to be included in Prop 47's addition of Penal Code section 490.2, defining all thefts of less than $950 in property as petty theft. Some courts have concluded that a violation of Vehicle Code section 10851 can never be eligible for resentencing under Prop 47 (*e.g.*, *People v. Haywood* (2015) 243 Cal.App.4th 515, petn. for review filed Feb. 3, 2016) while others have concluded that such an offense can be eligible for Prop 47 resentencing if it was a *theft* rather than a non-theft unlawful driving of the vehicle (*e.g.*, *People v. Ortiz* (2016) 243 Cal.App.4th 854, 860). The issue is currently pending before the Supreme Court. (*People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793.)

burden and he failed to meet it, the trial court did not err in denying his petition for resentencing.**3**

Under the circumstances, in which there was uncertainty at the time the petition was filed as to which party had the burden of proof, the appropriate remedy is to allow defendant to file a new, properly-supported petition. (*E.g.*, *People v. Ortiz, supra,* 243 Cal.App.4th at p. 861; *People v. Sherow, supra,* 239 Cal.App.4th at p. 881.)

## DISPOSITION

The order denying Garness's petition for resentencing under Prop 47 is affirmed without prejudice to consideration of a subsequent petition.


RUBIN, ACTING P. J.

WE CONCUR:


FLIER, J.


GRIMES, J.

---

**3**     We do not address the type of evidence which may be considered in determining the value of property in a Prop 47 resentencing hearing. The issue of whether the evidence may go outside the record of conviction, and to what extent, is the subject of some dispute. (Compare *People v. Perkins, supra,* 2016 WL 297309 [extra-record evidence may be considered] with *People v. Triplett* (2016) ___ Cal.App.4th ___ [2016 WL 489698] [evidence may go beyond record of conviction when parties agreed to the additional facts].)