Filed 3/22/16  P. v. Seals CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B262001 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA092928) |
| v. | |
| JOHN SEALS, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Affirmed.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.

**INTRODUCTION**

Defendant John Seals, Jr. was sentenced pursuant to his nolo contendere plea to one count of forgery (Pen. Code, § 475, subd. (c)).[1] He subsequently filed a petition to recall his sentence and for resentencing pursuant to Proposition 47 (§ 1170.18). The trial court denied the petition, concluding that defendant was ineligible for relief under Proposition 47 because the amount of the forgery exceeded $950. Defendant contends it was the prosecutor's burden to establish, based only on the record of conviction, his ineligibility for resentencing. We disagree and affirm.

**FACTUAL AND PROCEDURAL SUMMARY[2]**

A felony complaint filed on July 26, 2012 charged defendant with two counts of forgery by possession of a completed check (§ 475, subd. (c), counts one and two), one count of forgery by possession of a blank or unfinished check (§ 475, subd. (b), count three), and one count of receiving stolen property (§ 496, subd. (a), count four). It was further alleged that defendant had suffered prior convictions of serious or violent felonies (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and prior convictions for which he served prison terms within the meaning of section 667.5, subdivision (b).

On August 16, 2012, defendant pleaded nolo contendere to count one. The remaining counts were dismissed. The court sentenced defendant to six years in state prison.

On December 2, 2014, defendant filed a petition for recall of his sentence and resentencing pursuant to section 1170.18, subdivision (a). Defendant argued his conduct fell within section 473, subdivision (b), which provides that "any person who is guilty of forgery relating to a check, . . . where the value of the check . . . does not exceed nine hundred fifty dollars ($950)" shall be punished as a misdemeanor.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The record on appeal does not contain any information regarding the facts underlying the charged conduct.

2

At the hearing on the petition, the prosecution contended defendant was ineligible for resentencing because the amount of the check at issue was $1197.35. Defendant's counsel conceded that she "totally agree[d] with what the prosecutor is saying" regarding the amount of the check, but argued that "there was no restitution ordered in this case." The court responded that "[w]hether there's restitution ordered or not is not the relevant question. The relevant question is the amount in controversy under the statute . . . it's just the value of the property at the time of the alleged crime." The court then reiterated that the amount at issue was "the amount of the check. If the defense agrees that the amount of the check [is] $1197.35 we don't need a further hearing. If the defense wishes to put the People through their burden of proof, we can set it for a hearing." Defense counsel responded: "No submitted." (*Sic.*)

The court denied defendant's petition, finding it was "not controverted" that "the amount involved, the check was in excess of $950." Defendant timely appealed.

## DISCUSSION

A.    *Governing Principles*

In November 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which reclassified certain felony drug and theft offenses as misdemeanors. Among the crimes reduced are certain types of forgeries identified in section 473, subdivision (b), including forgery by check pursuant to section 475, as long as the value of the check does not exceed $950. (§ 473, subd. (b).)

Proposition 47 also "created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*People v.*

3

*Rivera* (2015) 233 Cal.App.4th 1085, 1092; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109.)

We review the trial court's interpretation of the statute de novo. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*).)

B.    *Analysis*

Defendant's central argument is that the prosecution should bear the initial burden to establish defendant's ineligibility for relief under Proposition 47. Here, defendant contends the prosecution failed to present any evidence that the value of the forged check possessed by defendant exceeded $950; thus, the trial court should have presumed that defendant was eligible and granted his petition.

After defendant filed his opening brief on appeal, several of our sister courts considered this same issue and concluded that the defendant bears the burden of demonstrating eligibility for relief under Proposition 47.[3] (*Sherow, supra*, 239 Cal.App.4th at p. 879; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448-449 (*Rivas-Colon*); *People v. Ortiz* (2016) 243 Cal.App.4th 854, 861[rejecting defendant's argument that "once he files his petition setting forth the grounds supporting his eligibility, the court must presume him eligible and the prosecution bears the burden of proving ineligibility" and holding that "defendant has the burden to make the initial showing of eligibility under *Sherow*"].)

In *Sherow*, the defendant petitioned for resentencing under Proposition 47 but did not offer any facts, evidence, or argument supporting the petition. (*Sherow, supra*, 239 Cal.App.4th at p. 877.) The prosecutor argued the defendant was ineligible because the property loss exceeded $950; the trial court agreed and denied the petition. (*Ibid.*) On appeal, the defendant claimed the prosecution had the burden to prove he was not eligible for resentencing. (*Id.* at p. 878.)

The Court of Appeal disagreed, holding that "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow,*

---

[3] Defendant acknowledged, but failed to address this authority in his reply brief.

*supra*, 239 Cal.App.4th at p. 878.)  The court noted the well-settled principle that "'[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting,'" and reasoned "it is important to keep in mind a person, like Sherow, was validly convicted under the law applicable at the time of the trial of the felony offenses.  It is a rational allocation of burdens if the petitioner in such cases bears the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Id*. at pp. 878-879.)

Thus, where the crime under consideration is a theft offense under section 473, "'the petitioner will have the burden of proving the value of the property did not exceed $950.' (Couzens & Bigelow, Proposition 47 'The Safe Neighborhoods and Schools Act' (Feb. 2015), <www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of August 10, 2015] p. 40.)" (*Sherow*, *supra*, 239 Cal.App.4th at p. 879.)  Where, as in this case, the defendant fails to offer any evidence to satisfy this burden, the trial court did not err in denying his petition. (*Id*. at p. 880; *Rivas-Colon*, *supra*, 241 Cal.App.4th at pp. 449-450 [defendant "offered no evidence—and no argument—demonstrating he was eligible for resentencing"]; *People v. Ortiz*, *supra*, 243 Cal.App.4th at p. 861[concluding defendant had not established eligibility because the value of the vehicle he stole could not be determined from the record].)[4]

We also reject defendant's contention that his trial counsel rendered ineffective assistance for failing to object to the prosecutor's reference to matters outside of the record of conviction.  Defendant raises this issue as an alternative in the event we conclude that he forfeited his arguments regarding the scope of allowable evidence to establish eligibility for resentencing under Proposition 47.  However, because we need

---

[4] In light of this conclusion, we need not reach defendant's contention that the trial court erred in relying on facts outside the record of conviction to support the prosecutor's statement that the value of the check exceeded $950.  We note, however, that at least one court has recently concluded that "in determining eligibility for sentence modification under [Proposition 47], a trial court is not limited to the record of conviction, but may also consider any factual stipulations or clear agreements by the parties that add to, but do not contradict, the record of conviction." (*People v. Triplett* (2016) 244 Cal.App.4th 824, 832.)

5

not reach defendant's contentions regarding the scope of evidence, his ineffective assistance claim is moot.  In any event, we are not persuaded that defendant's counsel was ineffective, as the record does not disclose counsel's reason for declining to oppose the prosecutor's statements regarding the value of the check at issue, and it is not inconceivable that her failure to do so was an exercise in tactical judgment.  (See *Rivas-Colon, supra*, 241 Cal.App.4th at p.450 [rejecting ineffective assistance claim based on counsel's failure to offer evidence of value to support petition for recall]; *People v. Weaver* (2001) 26 Cal.4th 876, 926 ["In the usual case, where counsel's trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions."]; *People v. Kelly* (1992) 1 Cal.4th 495, 540 ["An attorney may choose not to object for many reasons, and the failure to object rarely establishes ineffectiveness of counsel."].)

## DISPOSITION

The order denying defendant's petition for recall and resentencing is affirmed.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


COLLINS, J.

We concur:


EPSTEIN, P. J.


MANELLA, J.