Filed 4/21/16  P. v. Fuentes CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051349 |
| v. | (Super. Ct. No. 12WF3040) |
| DANIEL FUENTES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Alastair J. Agcaoili and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

This case presents an issue that is currently pending in the California Supreme Court: Does Proposition 47 apply to the crime of unlawfully taking or driving a vehicle in Vehicle Code section 10851? Assuming it does, appellant has failed to satisfy the criteria for obtaining Proposition 47 relief. We therefore affirm the trial court's order denying appellant's request to reduce his felony conviction to a misdemeanor.

PROCEDURAL BACKGROUND

In November 2012, appellant was charged in a felony complaint with one count of unlawfully taking or driving a "2002 Toyota Sierra" in violation of Vehicle Code section 10851, subdivision (a).[1] The complaint also alleged appellant committed two misdemeanors by driving under the influence of alcohol and with a blood-alcohol content of .08 percent or more. In pleading guilty to charges, appellant admitted he "unlawfully drove a car [he] knew was stolen . . . while under the influence of alcohol with a blood alcohol level above .20%." Thereupon, the trial court suspended imposition of sentence and placed appellant on probation.

Two years later, following the passage of Proposition 47, appellant petitioned the trial court to reduce his felony conviction to a misdemeanor. Although Proposition 47 does not expressly apply to violations of section 10851, appellant argued the initiative was applicable to him to the extent it made the theft of property valued at $950 or less a misdemeanor. Appellant also claimed he was entitled to Proposition 47 relief as a matter of equal protection. The court denied his petition.

DISCUSSION

Appellant renews his claims regarding the scope of Proposition 47 and his entitlement to equal protection under the law. However, we discern no basis for disturbing the trial court's ruling.

---

[1] Unless noted otherwise, all further statutory references are to the Vehicle Code.

"Proposition 47 reclassifie[d] as misdemeanors certain non-serious, nonviolent crimes that previously were felonies, and authorizes trial courts to consider resentencing anyone who is currently serving a sentence for any of the listed offenses." (*People v. Awad* (2015) 238 Cal.App.4th 215, 218.)  The crime of unlawfully taking or driving a vehicle is a so-called "wobbler" because it is punishable in the court's discretion as a felony or a misdemeanor.  (§ 10851, subd. (a); *People v. Douglas* (1999) 20 Cal.4th 85, 88.)[2]  The crime was not reclassified as a pure misdemeanor by Proposition 47, nor is it listed within the text of that law.  (See Pen. Code, § 1170.18.)

However, Proposition 47 did redraw the boundary line between grand and petty theft in some cases by adding section 490.2 to the Penal Code.  That provision states, "Notwithstanding [Penal Code] [s]ection 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor[.]"  (Pen. Code, § 490.2, subd. (a).)  Unlike section 10851, Penal Code section 490.2 is expressly listed in Proposition 47 as a criminal statute that has been added or amended by the terms of the initiative.  (Pen. Code, § 1170.18, subd. (a).)  That raises the question presented in this case:  If a person has been convicted of a felony violation of section 10851 under circumstances that also constitute a violation of Penal Code section 490.2, is he eligible to be resentenced to a misdemeanor?

As we noted at the outset, the California Supreme Court is currently considering that issue.  (*People v. Page* (2015) 241 Cal.App.4th 714, rev. granted Jan. 27, 2016, S230793; *People v. Haywood* (2015) 243 Cal.App.4th 515, rev. granted Mar. 9, 2016, S232250; *People v. Ortiz* (2016) 243 Cal.App.4th 854, rev. granted Mar. 16, 2016,

---

[2]	Section 10851 provides, "(a) Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . is guilty of a public offense" that is punishable by a fine, jail time or up to three years in prison.

S232344.)  But even if the court answers that question in the affirmative, appellant is still not entitled to relief per Penal Code section 490.2 because he was convicted of unlawfully driving – not stealing – a vehicle.  Moreover, he has failed to prove the value of the vehicle he unlawfully drove was $950 or less.

As to the latter issue, appellant argues it was not his burden to prove anything, and as the party opposing his petition the state had the duty to establish he was ineligible for resentencing by showing the car he drove was worth more than $950.  We disagree.  Appellant's argument is derived from cases involving the burden of proving a prior conviction for sentence enhancement purposes.  (See, e.g., *People v. Guerrero* (1988) 44 Cal.3d 343, 352.)  In that context, it makes sense to impose the burden of proof on the prosecution because it is seeking to use the prior conviction to *increase* the defendant's punishment.

In contrast, Proposition 47 is designed to *ameliorate* the effect of a prior felony conviction.  Because the initiative is designed for the defendant's benefit, appellant, as the movant below, had the burden of proving he satisfied the criteria for relief.  (Evid. Code, § 500; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448-450; *People v. Sherow* (2015) 239 Cal.App.4th 875, 880.)  Since appellant failed to provide any evidence regarding the value of the vehicle he unlawfully drove, he failed to prove he was entitled to relief under Penal Code 490.2.[3]

Appellant's fallback position is that the equal protection principles require his section 10851 conviction to be treated the same way as a Penal Code section 490.2 conviction arising from the theft of a car valued at $950 or less.  However, as explained above, appellant was not convicted of a theft offense, nor has he proven the value of the vehicle he unlawfully drove.  Therefore, he cannot establish he is similarly situated with

---

[3]     Contrary to appellant's claim, it is immaterial the prosecution failed to raise the burden of proof issue at the time the court denied his request for resentencing because the burden of proof is something the trial court was required to apply irrespective of whether the parties brought it up.  Stated differently, the burden of proof is a structural issue that is not subject to forfeiture.

respect to persons who have violated Penal Code section 490.2, which is fatal to his equal protection claim. (*People v. Buffington* (1999) 74 Cal.App.4th 1149, 1155.)

Even if appellant could satisfy the similarly-situated requirement, the law is clear that "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the existence of a prosecutor's discretion in charging under one such statute and not the other violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) In other words, the state has considerable leeway in terms of choosing which punishment is suitable for a particular offender when his conduct violates more than one statute. Unless a defendant seeking Proposition 47 relief can show he has been signaled out for differential treatment based on some invidious criteria, no equal protection violation will be found. (*Id*. at p. 839.) Because appellant has failed to make such a showing his equal protection claim cannot prevail.

## DISPOSITION

The trial court's order denying appellant's Proposition 47 petition is affirmed.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

FYBEL, J.

5