Filed 5/26/16  P. v. Guereca CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LUIS RAUL GUERECA,<br><br>    Defendant and Appellant. | G051188<br><br>(Super. Ct. No. 14CF3099)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Dan McNerney, Judge.  Affirmed.

Frank Ospino, Public Defender, Mark S. Brown, Assistant Public Defender, and Jay Moorhead, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arelene A. Sevidal, Amanda E. Casillas and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Luis Raul Guereca was convicted of a felony for unlawfully taking or driving a vehicle in violation of Vehicle Code section 10851.[1] He contends the trial court erroneously denied his request to reduce his conviction to a misdemeanor pursuant to Proposition 47. Alternatively, he contends equal protection principles require his conviction to be treated as a misdemeanor. Finding these arguments unavailing, we affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2014, one month after Proposition 47 was passed, appellant was charged in a felony information with unlawfully taking or driving a vehicle and receiving stolen property. (§ 10851, subd. (a); Pen. Code, § 496d, subd. (a).) The information also alleged appellant had suffered nine prior theft-related convictions and served eight prior prison terms. (Pen. Code, §§ 666.5, 667.5, subd. (b).)

At trial, the evidence showed that on the morning of September 14, 2014, Santa Ana police received a call about "a stolen silver Acura that was being stripped" near 100 South Minnie Street. Officer Greg Beaumarchais proceeded to that area and saw a silver Acura travelling west on Pine Street. Beaumarchais stopped the vehicle and contacted the driver, appellant, who was the only person in the car. At that time, the officer noticed "[t]he steering column of the car had been torn away and the ignition was hanging from the column." It turned out the car – a 1998 Acura Integra – had been stolen from a residence in Irvine earlier that morning.

The jury convicted appellant as charged, and the court found the prior allegations to be true. At sentencing, appellant asked the court to reduce his section 10851 conviction to a misdemeanor pursuant to Proposition 47. Even though Proposition 47 does not mention section 10851, appellant argued the initiative was applicable to him to the extent it made the theft of property valued at $950 or less a misdemeanor. He also

_____

[1] Unless noted otherwise, all further statutory references are to the Vehicle Code.

2

argued he was entitled to Proposition 47 relief as a matter of equal protection. However, the court denied appellant's request and sentenced him to eight years in prison.[2]

## DISCUSSION

Appellant renews his claims regarding the scope of Proposition 47 and his entitlement to equal protection under the law. However, we see no basis for disturbing the trial court's ruling.

"Proposition 47 reclassifie[d] as misdemeanors certain non-serious, nonviolent crimes that previously were felonies, and authorizes trial courts to consider resentencing anyone who is currently serving a sentence for any of the listed offenses." (*People v. Awad* (2015) 238 Cal.App.4th 215, 218.) The crime of unlawfully taking or driving a vehicle is a so-called "wobbler" because it is punishable in the court's discretion as a felony or a misdemeanor. (§ 10851, subd. (a); *People v. Douglas* (1999) 20 Cal.4th 85, 88.)[3] The crime was not reclassified as a pure misdemeanor by Proposition 47, nor is it listed within the text of that provision. (Pen. Code, § 1170.18.)

However, Proposition 47 did redraw the boundary line between grand and petty theft in some cases by adding section 490.2 to the Penal Code. That provision states, "Notwithstanding [Penal Code] [s]ection 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor[.]" (Pen. Code, § 490.2, subd. (a).) Unlike section 10851, Penal Code section 490.2 is expressly listed in Proposition 47 as a criminal statute that has been added or amended by the terms of the

---

[2] The trial court also denied appellant's request to reduce his conviction for receiving stolen property to a misdemeanor pursuant to Proposition 47. However, the court eventually dismissed that count altogether on the basis a defendant cannot be convicted of both taking and receiving the same property. (§ 496, subd. (a); *People v. Ceja* (2010) 49 Cal.4th 1.)

[3] Section 10851 provides, "(a) Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . is guilty of a public offense" that is punishable by a fine, jail time or up to three years in prison.

3

initiative.  (Pen. Code, § 1170.18, subd. (a).)  That raises the question presented in this case:  If a person has been convicted of a felony violation of section 10851 under circumstances that also constitute a violation of Penal Code section 490.2, is he eligible to be sentenced to a misdemeanor?

As it turns out, our supreme court is currently considering that issue.  (See *People v. Page* (2015) 241 Cal.App.4th 714, rev. granted Jan. 27, 2016, S230793; *People v. Haywood* (2015) 243 Cal.App.4th 515, rev. granted Mar. 9, 2016, S232250; *People v. Ortiz* (2016) 243 Cal.App.4th 854, rev. granted Mar. 16, 2016, S232344.)  We believe it likely they will conclude the legislation could well have chosen to treat the taking and driving of something as large and potentially dangerous as an automobile differently than a fur coat or a set of golf clubs.  So we are convinced appellant's argument fails legally.  (See *People v. Solis* (2016) 245 Cal.App.4th 1099, 1114 [in declining to extend Proposition 47 to include unlawful taking or driving a vehicle, the court found "felony prosecutions under section 10851 serve important public safety and deterrence functions that differ from those served by prosecutions for theft."].)

However, even if our high court were to extend Penal Code section 490.2 relief to section 10851, appellant would still not be entitled to sentencing relief because he failed to prove the car he was driving was worth $950 or less.  Appellant contends it was not his burden to establish this fact, and since he was tried after Proposition 47 was passed, the prosecution had the duty during his trial to show he was outside the scope of that initiative.  We disagree.

Generally, the moving party has the burden to prove all of the facts that are needed to support his claim for relief.  (Evid. Code, § 500.)  The rule has consistently been applied to defendants who are seeking Proposition 47 relief (see, e.g., *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448-450; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880), and we see no reason not to apply it here.  Irrespective of when appellant's trial took place, the prosecution was not required to establish the value

4

of the car he was driving to obtain a conviction under section 10851. Rather, the state only had to prove appellant unlawfully took or drove that vehicle. Only because appellant wishes to take advantage of Proposition 47 is the value of the car relevant. Since appellant was the one who was seeking to establish the value of the car to his advantage, he had the burden of proving the car's worth. There is nothing unfair about allocating the burden of proof in this fashion. (*Ibid*.)

Appellant's fallback position is that the equal protection principles require his unlawful vehicle taking conviction to be treated the same way as a Penal Code section 490.2 conviction arising from the theft of a vehicle valued at $950 or less. However, as explained above, appellant has failed to prove the value of the car he took. Therefore, he cannot establish he is similarly situated with respect to persons who have violated Penal Code section 490.2, which is fatal to his equal protection claim. (*People v. Buffington* (1999) 74 Cal.App.4th 1149, 1155.)

Even if appellant could satisfy the similarly-situated requirement, the law is clear that "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the existence of a prosecutor's discretion in charging under one such statute and not the other violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) In other words, the state has considerable leeway in terms of choosing which punishment is suitable for a particular offender when his conduct violates more than one statute. Unless a defendant seeking Proposition 47 relief can show he has been signaled out for differential treatment based on some invidious criteria, no equal protection violation will be found. (*Id*. at p. 839.) Because appellant has failed to make such a showing, his equal protection claim cannot prevail.

5

DISPOSITION

The trial court's order is affirmed.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:



MOORE, J.



FYBEL, J.