Filed 6/24/16  P. v. Mendoza CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ARTURO GOMEZ MENDOZA,<br><br>    Defendant and Appellant. | G051361<br><br>(Super. Ct. No. 13CF2468)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Anthony Da Silva and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Arturo Gomez Mendoza appeals from the denial of his petition for resentencing pursuant to Penal Code section 1170.18, subdivision (a)[1] — enacted as part of Proposition 47, an initiative passed by the voters in November 2014.

In September 2013, defendant pleaded guilty to a felony taking of a vehicle (Veh. Code, § 10851, subd. (a); count 1), receiving stolen property (§ 496, subd. (a); count 2), possession of methamphetamine (Health & Saf. Code, § 11377, subd (a); count 3), and possession of heroin (Health & Saf. Code, § 11350, subd. (a); count 4). In late 2014 defendant applied to have all four counts resentenced as misdemeanors pursuant to section 1170.18, subdivision (a). The People opposed the petition only as to count 1 on the ground that a violation of Vehicle Code section 10851 is outside the scope of the resentencing provision. The court granted the petition as to counts 2 through 4. But denied the petition as to count 1. Defendant appealed, contending that Vehicle Code section 10851 falls within the scope of section 1170.18.

This issue has generated conflicting opinions in the Court of Appeal, and it is currently before the California Supreme Court. We need not address it, however, because even assuming automobile theft can be treated as petty theft pursuant to section 490.2, subdivision (a), if the value of the vehicle is $950 or less, defendant failed to produce evidence of the value of the vehicle, and thus failed to demonstrate his eligibility for relief under section 1170.18, subdivision (f).

DISCUSSION

Section 490.2 was enacted pursuant to Proposition 47. Subdivision (a) states, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal

---

[1] All statutory references are to the Penal Code unless otherwise stated.

property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," with some exceptions not relevant here. This statute is particularly important in the context of section 1170.18, where a defendant's ability to convert a prior felony into a misdemeanor depends on whether the defendant "would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense . . . ." (§ 1170.18, subd. (a).) Proposition 47 did not amend section 496d or Vehicle Code section 10851, both of which continue, at least on their face, to be punishable as felonies.

The courts have struggled with the question whether the catch-all provision of section 490.2 renders vehicle thefts misdemeanors if the vehicle is valued at less than $950. In *People v. Page* (2015) 241 Cal.App.4th 714, review granted January 27, 2016, S230793, the court reasoned that Vehicle Code section 10851 is not a theft statute and is thus unaffected by section 490.2. To similar effect was *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted March 9, 2016, S232250. In *People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted March 16, 2016, S232344, the court reached the opposite conclusion, reasoning that some violations of Vehicle Code section 10851 constitute theft convictions and thus fall within the ambit of section 490.2.

We need not address this issue, however, because, even assuming vehicle theft falls within the ambit of section 490.2, defendant failed to demonstrate his eligibility for relief under section 1170.18 because he failed to present any evidence that the vehicle in question was valued at $950 or less.

The burden of proof for establishing eligibility for relief under section 1170.18 is on the petitioner. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880 (*Sherow*).) In *Sherow*, the petitioner, who had been convicted of second degree burglary, sought to be resentenced pursuant to section 1170.18, subdivision (a), but provided no evidence in conjunction with his petition, and there was nothing in the record indicating the value of the property he stole. (*Id.* at p. 877.) In concluding the burden was on the

3

petitioner, the court noted that a popular treatise placed the burden on the petitioner, and that, ordinarily, ""'[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.""" (*Id.* at 879.) Addressing the due process aspect of placing the burden on the petitioner, the court reasoned, "We think it is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts, upon which his or her eligibility is based. [¶] Applying the burden to [defendant] would not be unfair or unreasonable. He knows what kind of items he took from the stores in counts 1 and 2. At the time of trial it was not necessary for the prosecution to prove the value of the loss to prove second degree burglary. Thus there is apparently no record of value in the trial record. [¶] A proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Id.* at p. 880.)

We agree with the analysis in *Sherow*, and we note further support for that holding can be found in section 1170.18, subdivision (g), which states, "If *the application* satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." (Italics added.) Although section 1170.18 does not explicitly allocate the burden of proof, requiring that "the application" satisfy the appropriate criteria strongly suggests the burden is on the petitioner.

Defendant contends we should not follow *Sherow* and instead should apply *People v. Guerrero* (1988) 44 Cal.3d 343, where the court held that, in determining whether a prior conviction was a serious felony for purposes of the five-year sentencing enhancement under section 667, the court should look to the entire record of conviction, but where the record is silent, "the court will presume that the prior conviction was for the least offense punishable under the . . . law." (*Guerrero*, at p. 352.) *Guerrero* has no application here, however, because the prosecution is not seeking to enhance defendant's penalty. Quite the opposite.

4

Applying these principles here, defendant's petition contained no evidence of the value of the vehicle stolen, nor does the record on appeal indicate even the type of the vehicle, much less its value at the time of the offense. Accordingly, defendant failed to demonstrate his eligibility for relief under section 1170.18. In *Sherow* the court affirmed the denial of defendant's petition "without prejudice to subsequent consideration of a properly filed petition." (*Sherow, supra*, 239 Cal.App.4th at p. 881.) We will do the same.

## DISPOSITION

The order is affirmed without prejudice to subsequent consideration of a properly filed petition.


IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.


5