Filed 7/19/16  P. v. Nodal CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ELISEO NODAL,<br><br>    Defendant and Appellant. | G051360<br><br>(Super. Ct. No. 08NF3321)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Eliseo Nodal appeals from the postjudgment order denying his petition to redesignate two felony convictions as misdemeanors pursuant to Penal Code section 1170.18, enacted as part of Proposition 47, an initiative passed by the voters in November 2014.[1]

In 2008, Nodal pleaded guilty to a felony violation of Vehicle Code section 10851, subdivision (a) [vehicle theft], a felony violation of section 496d, subdivision (a) [receiving a stolen vehicle], and a violation of Health and Safety Code section 11350, subdivision (a) [possessing a controlled substance]. The trial court sentenced him to three years in prison. In December 2014, Nodal filed a petition pursuant to section 1170.18, subdivision (f), to redesignate these felonies as misdemeanors. The court granted the motion as to the drug possession conviction but denied the motion as to the other two counts. Nodal appealed, contending the broad sweeping language of Proposition 47 applies to the theft or receipt of any kind of stolen property, including vehicles, where the value is less than $950 and where the defendant has no disqualifying prior convictions.

This issue has generated conflicting opinions in the Court of Appeal, and it is currently before the California Supreme Court. We need not address it, however, because even assuming automobile theft can be treated as petty theft pursuant to section 490.2, subdivision (a), if the value of the vehicle is $950 or less, Nodal failed to produce evidence of the value of the vehicle, and thus failed to demonstrate his eligibility for relief under section 1170.18, subdivision (f). Consequently, we affirm the postjudgment order without prejudice to subsequent consideration of a properly filed petition.

I

Section 490.2 was enacted pursuant to Proposition 47. Subdivision (a) of section 490.2 states, "Notwithstanding [s]ection 487 or any other provision of law

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," with some exceptions not relevant here. This statute is particularly important in the context of section 1170.18, where a defendant's ability to convert a prior felony into a misdemeanor depends on whether the defendant "would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense . . . ." (§ 1170.18, subd. (a).) Proposition 47 did not amend section 496d or Vehicle Code section 10851, both of which continue to be punishable as a felonies.

Many courts have struggled with the question whether the catch-all provision of section 490.2 renders vehicle thefts misdemeanors if the vehicle is valued at less than $950. In *People v. Page* (2015) 241 Cal.App.4th 714, review granted January 27, 2016, S230793, the court reasoned Vehicle Code section 10851 is not a theft statute and is thus unaffected by section 490.2. A similar result was reached in *People v. Solis* (2016) 245 Cal.App.4th 1099, review granted June 8, 2016, S234150, and *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted March 9, 2016, S232250. The opposite conclusion was reached in *People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted March 16, 2016, S232344. The Supreme Court has also granted review in two cases where the felony conviction was for receiving a stolen vehicle (§ 496d). (*People v. Nicholas* (2016) 244 Cal.App.4th 681, review granted April 20, 2016, S233055, and *People v. Peacock* (2015) 242 Cal.App.4th 708, review granted February 17, 2016, S230948.)

We need not address this issue because even assuming vehicle theft falls within the ambit of section 1170.18, Nodal failed to demonstrate his eligibility for relief because he failed to present any evidence the vehicle in question was valued at $950 or less.

3

As petitioner in the trial court, it was Nodal's burden to offer evidence on the facts necessary to justify relief. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) In the *Sherow* case, petitioner, who had been convicted of second degree burglary, sought to be resentenced pursuant to section 1170.18, subdivision (a), but provided no evidence in conjunction with his petition, and there was nothing in the record indicating the value of the property he stole. (*Id.* at p. 877.) In concluding the burden was on petitioner, the court reasoned, "As an ordinary proposition: '"[A] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting."'" (*Id.* at p. 879.) It rejected petitioner's due process argument, holding, "We think it is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts, upon which his or her eligibility is based. [¶] Applying the burden to [petitioner] would not be unfair or unreasonable. He knows what kind of items he took from the stores in counts 1 and 2. At the time of trial it was not necessary for the prosecution to prove the value of the loss to prove second degree burglary. Thus there is apparently no record of value in the trial record. [¶] A proper petition could certainly contain at least [petitioner's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Id.* at p. 880.)

We agree with this legal analysis. A court must determine "petitioner's eligibility for resentencing based on the record of conviction." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338 [as to Prop. 36 & § 1170.126].) Moreover, section 1170.18, subdivision (g), states, "If *the application* satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." (Italics added.) Although section 1170.18 does not explicitly allocate the burden of proof, requiring that "the application" satisfy the appropriate criteria strongly suggests the burden is on the petitioner.

4

Applying these principles here, Nodal's petition contained no evidence of the value of the vehicle stolen. All that can be discerned from the felony complaint is that it was alleged to be a 1991 Acura, and was thus approximately 17 years old in 2008, when Nodal admitted to possessing it. To the extent this suggests a value, it does not suggest a value of $950 or less.[2] Accordingly, Nodal failed to demonstrate his eligibility for relief under section 1170.18. In the *Sherow* case, the court affirmed the denial of defendant's petition "without prejudice to subsequent consideration of a properly filed petition." (*Sherow, supra,* 239 Cal.App.4th at p. 881.) We will do the same.

II

The postjudgment order is affirmed without prejudice to subsequent consideration of a properly filed petition.

O'LEARY, P. J.

WE CONCUR:

BEDSWORTH, J.

MOORE, J.

---

[2] In his reply brief, Nodal implicitly acknowledges he did not establish the value of the stolen vehicle was less than $950 at the hearing, asserting it was "a matter to be determined by the trial court upon presentation of evidence by both parties," but the court never "enter[ed] into any discussion as to the value of the property, as it summarily rejected [his] application for relief." He fails, however, to point to any evidence that could have been presented at the hearing that would have shown the stolen 1991 Acura involved in this case was worth less than $950. A vehicle's value cannot be argued from a silent record given the well-settled rule that "'[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

5